## Thompson *against* M'Gaw.

2 W   161
28 SC  1543

The statute of limitation does not embrace the claim of a legacy, and in an action therefor the plea of *non assumpsit infra sex annos* is bad.

In an action against an executor for a legacy, it is not competent for the defendant to show that the balance of an administration account in his hands, settled by the orphan's court, was composed of bonds not due at the time of the settlement, and which could not afterwards be collected because of the insolvency of the obligors.

ERROR to the district court of York county (Hayes, president).

This was an action for a legacy by William M'Gaw against Alexander Thompson executor of Samuel M'Gaw. The will under which the legacy was claimed was proved in 1814; the executor settled his administration account in 1816, in which there was found a balance in his hands of 1524 dollars, with this memorandum, " part not due." This suit was brought to November term 1832. The pleas were *nil debet* and *non assumpsit infra sex annos*. On the trial, the defendant offered to prove that the balance in his hands, upon the settlement of his account, was composed of bonds then due and unpaid, and which could not afterwards be collected because of the insolvency of the obligors. The court rejected the evidence, and the plaintiff recovered. Whether this evidence should have been received, and whether the statute of limitation is a good plea in an action for a legacy, were the questions argued in this court by

*R. Fisher* and *Lewis*, for plaintiff in error, who argued, that it was competent to show that the bonds with which the executor was charged were outstanding and unpaid, and on this point cited, M'Fadden *v.* Geddes, 7 *Serg. & Rawle* 340; Miller *v.* Young, 2 *Serg. & Rawle* 518; M'Grew's Appeal, 14 *Serg. & Rawle* 396. That the statute of limitations is applicable to an action for a legacy. Kane *v.* Bloodgood, 7 *Johns. Chan.* 115; Johnston *v.* Humphreys, 14 *Serg. & Rawle* 394.

II.—v

*Kelly,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The plea of the statute of limitations to an ordinary action for a legacy is a novelty. It has long been a settled principle, that the statute does not apply in such case, and no decision to the contrary exists. In the ecclesiastical courts, which, in England, have had jurisdiction of personal legacies, a plea of the the statute has not been heard of; nor have the courts of common law interfered to coerce their reception of it. Chancery, which took cognizance of legacies when charged on land, or where the jurisdiction was incidental to some other species of relief, and has latterly almost engrossed them, adopted the same rule. 1 *Vern.* 256; 2 *Freem.* 52; 2 *Ves. Jun.* 11; *Lovelass on Wills* 234; 4 *Bac. Ab.* 473. That the statute did not apply, has always been the rule in Pennsylvania. 2 *Yeates* 268; 1 *Watts* 507. The case of App *v.* Dreisbach, 2 *Rawle* 287, by no means infringes upon this well established doctrine. It is true there are some suggestions in the opinion of the court in that case, that perhaps after an account settled by an executor in the orphan's court, the statute might be considered as beginning to operate; but the decision went on different grounds. The question there was, whether the executor himself owed the estate of the testator a sum of money. In his account, settled more than six years before the commencement of the suit, he mentioned this sum, but refused to charge himself with it, and always denied his liability. If other persons had been appointed executors, he could undoubtedly have availed himself of the plea in a suit by them against him : and his own appointment as executor did not place him in a worse situation. He could not in either case be deemed a trustee as to a debt which he had uniformly disputed. "The demand," says Judge HUSTON, who delivered the opinion of the court, "in this case is not for a sum appearing due on a settlement, but denied now, and denied at the settlement; due, if at all, from a man who, though acting as trustee at one time, put off that character openly, by record and according to law, ten years before this suit was brought."

It has been suggested by high authority, that the rule of chancery on this subject might be changed, where an act of assembly vests in the courts of common law the right to afford a remedy for the recovery of legacies by actions at law; for in that case they might fall within the provisions of the limitation acts; and then, even chancery, possessing only a concurrent jurisdiction, would conform to the same sule. Per Kent, C. J., Kane *v.* Bloodgood, 7 *Johns. Ch.* 127, cited in App *v.* Dreisbach, 2 *Rawle* 287. If this doctrine be correct, it would effect a total revolution in the law as heretofore received and acted on in Pennsylvania; because our remedies for the recovery of legacies are altogether in courts of common law, by the provisions of an act of assembly. On looking however at the provisions of the act, it seems evident that it cannot

embrace claims of this description.   The legacy act of 1772 author-
izes a legatee to prosecute " an action on the case, debt, detinue or
account-render, as the case may require, in any of the courts for
holding pleas."  The act of limitations, passed on the 21st of March
1713, requires actions of detinue, all actions of account and upon
the case (other than such as  concern the trade of merchandize be-
tween merchant and merchant, their factors and servants), all actions'
of *debt grounded upon any lending or contract without specialty,* all
actions of debt for arrearages of rent, except the proprietaries' quit-
rents, to be commenced and sued within six years.   Now if the
legatee should choose to bring an action of debt for a pecuniary
legacy, as he may, it would not be within the words of this act;
*because an action of debt for a legacy is not grounded on any lend-
ing or contract.*

   Chancery has refused to adopt the rule by analogy to the statute,
because an executor stands in the situation of a trustee, and, whilst
the trust subsists, the statute has not been permitted to run between
trustee and *cestui que trust* in cases either of real or personal estate.
This reason applies as forcibly in a court of law, as of equity ; de-
pending not on the forum or the form of proceeding, but on the na-
ture of the case and the relation of the parties.   An executor is a
trustee, as well by the act of the testator as by the authority of the
law : undertaking to administer the effects of others for their benefit,
and bound to render accounts of his doings at their instance.   There
is no personal demand against him for which he needs protection
from stale or doubtful claims.   The legacies appear on the face of
the will, which shows what and whom he is to pay.   On the other
hand, the legatee may be ignorant of the bequest, or absent in other
states.   If acquainted with it, he is not obliged to demand it within
the statutory period, unless the will imposes that condition :  he may
prefer to wait till the executor shall have collected all the assets and
paid all the debts, rather than incur the  chance of being obliged to
refund on his bond.

   The settlement of the executor's account in the orphan's court, does
not change his character as trustee.  He still holds the assets for the
purposes of the will, not adversely to it: and his account is notice that
he holds for the legatees, not against them.   It is not even a definite
ascertainment of the balance in his hands for which he is accounta-
ble, because an appeal from the decree may take place, formerly in
a year, now within three years : the accounts may undergo revision
and alteration, and the liability of the executor and rights of the
legatee be materially changed.   The character of executor and trus-
tee for the legatees continues during all this period and afterwards,
and with it the accompanying duties and liabilities.

   The only effect of lapse of time, as ordinarily applied to a legacy,
is to raise a presumption of payment ; and in this light it has been
considered by the courts.   Like the cases of bonds, mortgages and
other claims not within the statute, the payment is presumed after

a lapse of time, unless repelled by particular circumstances. Even then it is said, if the legatee allege that he knew not of his legacy, the presumption cannot be raised. 1 *Fonb. Eq.* 331, *note* (*r*).

We are, therefore, of opinion that the question decided by the court below, on the sufficiency of the acknowledgement to take the case out of the statute of limitations, did not legally arise, because the plea of the statute to this action was of no avail.

2. After an account settled by the executor in the orphan's court, by which he is charged with a precise sum of money in his hands, the evidence offered by him in this suit, that part of that sum was afterwards lost by the insolvency of the obligor in one of the bonds to the testator, was rejected by the court below. The ground upon which this evidence is attempted to be supported is, that in the heading of his account the defendant refers to certain bonds mentioned in his inventory, some of which appeared not to be due, and that there is a memorandum put opposite to the balance stated against him in his account—" part not due." But he does not, in his account, reserve any part of the sum as uncertain or doubtful. He charges himself with the whole as so much money, and as such it is confirmed. He had a right to treat this as a settled account, and to take advantage of it to preclude an appeal after the year, or a collateral inquiry into its validity; and others interested have the same right. That the decree of the orphan's court, on matters within its jurisdiction, is binding and conclusive in every collateral inquiry, as well in relation to administration accounts as on other subjects, is now the settled law. M'Fadden *v.* Geddes, 17 *Serg. & Rawle* 336 ; App *v.* Driesback, 2 *Rawle* 287. No further operation is, by this rule, given to its proceedings than is yielded to those of all courts acting on matters legally submitted to their decision. The remedy of the party complaining is by appeal, which is now enlarged beyond the former limit : and perhaps that court, in a proper case, might grant a rehearing on a petition for review. But to permit the decisions of a court of competent jurisdiction to be again controverted, collaterally, in another court, would lead to the utmost uncertainty of right, and to endless litigation ; while, with due care on the part of those interested, no injury can be sustained. Where cases of hardship have occurred, they have been chiefly owing to the want of due attention to the proceedings of the orphan's court, by those whose rights are involved in its decisions. The business of that court, always extensive, has become much more so by recent legislation : it exercises many important branches of chancery jurisdiction : it is clothed with ample powers to investigate and determine controversies, and to enforce its decrees : and its judgments must be deemed to possess the same binding operation as those of other courts, upon matters within its cognizance.

Judgment affirmed.