# Rank *against* Hill.

2 WS 56
28 SC 543

The remedy to recover the amount of an award at common law, is upon the award, and not upon the submission; the Act of Limitations is therefore no bar to the action.

ERROR to the Common Pleas of *Union* county.

Sidney Hill against Adam Rank. This was an action of debt. The plaintiff in her declaration set out a parol submission, and the following award as the foundation of her action:

Whereas, certain unsettled accounts existing between Sidney Hill and Adam Rank, have by their amicable agreement been referred to the award and determination of Jacob Slenker, Jr., and James Miller, indifferently chosen and agreed upon by the said Sidney Hill and Adam Rank, to calculate, settle and adjust the same. We, the said Jacob Slenker and James Miller, after having heard the said parties, their reasons and allegations, proceeded to the examination and calculation of such accounts as were laid before us; and after a full and careful examination of the same, do find the said Adam Rank indebted to the said Sidney Hill, the sum of $139.83.

Witness our hands this 22d of February, A. D. 1834.

JACOB SLENKER, JR.
JAMES MILLER.

The defendant pleaded *non assumpsit, non assumpsit infra sex*

*annos,* no submission, no award, payment with leave to set-off, to all which the plaintiff replied.

The court below (Lewis, President,) referred all the issues of fact to the jury, and directed them to find the amount due to the plaintiff, without regard to the plea of *non assumpsit infra sex annos,* with regard to which there was no evidence given by the plaintiff. The jury found for the plaintiff $139.83 debt, and $58.65 damages. Upon which the defendant moved that judgment be entered for him, upon the plea of the Statute of Limitations. Upon argument the court overruled the motion, and rendered a judgment upon the verdict.

*Miller,* for plaintiff in error. The Statute of Limitations is a beneficial one, and should be applied whenever by its reasonable construction it is applicable. This award is not under seal; the submission was by parol, and both are founded upon a " contract;" the statute, therefore, bars a recovery. 5 *Johns.* 132; 11 *Johns.* 668; 13 *Serg. & Rawle* 395. There was no proof of demand, and therefore the recovery of interest as damages was wrong. 1 *Saund. on Pl. and Ev.* 186 ; 3 *Camp.* 468.

*Linn,* for defendant in error, cited and relied upon the case of *Hodsden* v. *Harridge,* (2 *Saund.* 61), as having settled the question as to the Statute of Limitations. 4 *Bac. Ab.* 472 ; 13 *Serg. & Rawle* 400 ; 11 *Law Lib.* 209 ; 7 *Com. Dig.* 415 ; *Lev.* 273 ; 1 *Sid.* 415 ; 1 *Law Lib.* 92 ; 4 *Johns.* 279 ; 7 *Wend.* 241 ; 1 *Cow.* 316 ; 1 *Saund.* 37 ; 1 *Mason* 288, 243 ; 2 *Randolph* 303 ; 2 *Saund.* 62, *note* 4.

Both parties are bound to take notice of an award; there is no necessity therefore of notice by one to the other.

PER CURIAM.—An award at common law seems to be considered rather as a judgment than as an agreement of the parties made through the authorized agency of others. Yet one would suppose the submission to be an engagement to abide by what the arbitrator should direct, and a promise to perform it. The remedy, however, in a case like this, is not on the submission but on the award. Still an award so far differs from a judgment that it transfers no property and binds no right, as was held in *Hunter* v. *Rice,* (15 *East* 100), though it has been held in *Morris* v. *Rosser,* (3 *East* 11), that the *ascertainment* of a right of property by an arbitrator pursuant to the submission, will conclude the parties. But that an action of debt lies on an award for a sum of money, and not on the submission, except for the performance of a collateral act, led to the conclusion that a debt created by award is not grounded on any lending or contract; consequently that an award upon even a parol submission is not to be barred by the Statute of Limitations; and however doubtful this might have been on principle, it is too firmly established by *Hodsden* v. *Har-*

[Rank v. Hill.]

*ridge*, (2 *Saund. R.* 64 *b*) to be questioned. It would seem, therefore, the action in this case was not barred; and the other errors are either not pressed or not maintained.

Judgment affirmed.