## Wickersham *versus* Lee *et al.*, No. 2.

1. An action of debt founded on a contract arising from an implication of law is within the Statute of Limitations, and is barred if not brought within six years.

2. A plaintiff cannot avoid the bar of the statute by merely changing the form of action, as it is the cause of the action rather than the form which determines the applicability of the statute.

3. Richards *v.* Bickley, 13 S. & R. 399, considered and distinguished.

February 1st 1877.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of January Term 1877, No. 60.

Debt brought by George and William Lee, executors of Wetherill Lee, deceased, the survivor of the partners of the firm of Barcroft & Co., against O. Wilson Davis and Morris S. Wickersham, late trading as Davis & Wickersham.

The summons in the case issued on the 14th of November 1874, service of which was had upon Wickersham only.    The declaration set forth, that the defendants, being engaged in the business of collecting overdue claims, by law and otherwise, the said O. Wilson Davis being an attorney-at-law, the plaintiffs, on March 17th 1862, employed the defendants to collect for them a claim against McFalls & Collins, of Mayfield, Kentucky, belonging to the said plaintiffs, amounting to $1545.84, of which amount the said defendants heretofore, to wit, on the 11th day of March 1863, collected and received the sum of $447.36, whereby the said defendants became indebted to the said plaintiffs in that sum.

The defendant, Wickersham, pleaded the general issue, the Statute of Limitations, and put in a plea denying the partnership between Davis and himself.

The plaintiffs demurred to the plea of the Statute of Limitations, upon the ground, " that the action of the said plaintiffs, as in the said declaration set forth, is not grounded upon any lending or contract without specialty, nor is it for arrearages of rent, but accrued to the said plaintiffs by implication of law."

The court entered judgment for the plaintiffs on the demurrer, which was the error assigned.

*James E. Gowen, George M. Dallas* and *D. R. Patterson,* for plaintiff in error.—The Statute of Limitations applies to an action against an attorney or agent for money collected by him : Glenn *v.* Cuttle, 2 Grant's Cases 273 ; Campbell's Administrator *v.* Boggs, 12 Wright 524 ; Rhines's Administrators *v.* Evans, 16 P. F. Smith 192.

This rule was recognised and enforced in an action of assumpsit in the court below between the parties to the present suit and for the same cause of action, and a nonsuit was entered accordingly.

[Wickersham v. Lee, No. 2.]

In the present action there has been a mere change of form from assumpsit to debt, and by this change alone the demurrer has been supposed to be sustained.

It is submitted that the plea of the statute, however, is not regulated by the *form* of the action, but is governed solely by the nature of the *cause* of action: DeHaven v. Bartholomew, 7 P. F. Smith 126 ; Thompson v. McGaw, 2 Watts 161 ; Dillebaugh's Estate, 4 Id. 177 ; Doebler v. Snavely, 5 Id. 225 ; Patterson v. Nichol, 6 Watts 379.

The cases cited for plaintiffs below, in support of the demurrer, all rest upon the substance and not the form of the action. As this case, however, involves the construction of a Pennsylvania statute only, it will be sufficient to refer to the Pennsylvania cases cited that were relied upon. They were Richards v. Bickley, 13 S. & R. 400 ; Rank v. Hill, 2 W. & S. 57 ; Williams v. Freeman, 7 W. & S. 361, and Passenger Railway Co. v. Moore, 14.P. F. Smith 79. In each of them it happened that the action was in form an action of debt, but the substance of the suit in each made the statute inapplicable.

The language of the statute is, "all actions of debt grounded upon any lending or contract without specialty" shall be commenced within six years next after such cause of action ; not upon any *express* contract, but upon *any* contract, express or implied, and in Glenn v. Cuttle, *supra*, and Campbell's Administrator v. Boggs, *supra*, where the statute was applied, the court said there is a breach of the "implied contract" where the attorney neglects to pay over the money collected to his principal.

*Ludovic C. Cleemann* and *George Sergeant*, for defendants in error.—The Statute of Limitations applies only to the remedy : 2 Pars. on Cont. 379 ; Ang. on Lim., sect. 7 ; Glenn v. Cuttle, 2 Grant's Cases 274. If a party loses one remedy he may have another ; he may have a choice of remedies : Ang. on Lim., sects. 7, 72 ; 1 Chit. Pl. 207, 210. By a judicious choice of the remedies the defendant may be precluded from availing himself of a defence which he might otherwise establish, as in case for fraud instead of assumpsit, where assumpsit may be barred by the Statute of Limitations : 1 Chit. Pl. 210 ; Richards v. Bickley, 13 S. & R. 401.

The present case being an action of debt, founded not on a contract in fact, but on one that arises from an implication of law, it is not, in terms, within the Statute of Limitations.

Our statute follows the English statute, as does that of the state of New York. Yet in England, New York and Pennsylvania, the construction of the words "all actions of debt grounded upon any lending or contract without specialty," has always been to include

.[Wickersham *v.* Lee, No. 2.]

only actions of debt founded on a contract expressed or implied in *fact*, and not one arising from an implication of law; for had *all* contracts been intended, the words *without specialty* would not have been used: Hodsden *v.* Harridge, 2 Saund. 64; Pease *v.* Howard, 14 Johns. 479; DeHaven *v.* Bartholomew, 7 P. F. Smith 126; Richards *v.* Bickley, 13 S. & R. 395; Rank *v.* Hill, 2 W. & S. 57; Williams *v.* Freeman, 7 Id. 361.

The authorities cited by the plaintiff in error show that actions in such form as would ordinarily be barred by the statute are not so barred if the nature of the cause of the action is such as that it is not included in the statute. All the cases cited on this point that are actions at law are either assumpsit or case, and the statute is held to be no bar. In other words the form of the action is never allowed to impose the restraint of the statute on a cause of action otherwise not within the statute, though the form of the action is allowed in many cases to take from the restraint of the statute causes of action within it under another form of action.

Mr. Justice PAXSON delivered the opinion of the court, March 28th 1877.

The defendants below pleaded *actio non accrevit infra sex annos.* To this plea the plaintiffs demurred, and thus raised an issue of law. The issues of fact were decided adversely to the defendants by the jury. The court below sustained the demurrer and entered judgment upon the verdict. The single question here is, whether the plaintiffs were entitled to judgment upon the demurrer.

The defendants were collection agents. The declaration was in debt for not paying over certain moneys collected by them. It was contended by the plaintiffs that inasmuch as the action was not founded upon a contract in fact, but upon one that arises from an implication of law, it was not within the terms of the Statute of Limitations. The language of said statute is, " all actions of debt grounded upon any lending or contract without specialty." Richards *v.* Bickley, 13 S. & R. 399, was cited as sustaining the proposition that the statute does not apply in an action of debt against an attorney for not paying over money collected by him. No such point was decided in that case. It was an action of debt upon a foreign judgment, in which it was alleged that the foundation of the judgment was a specialty. The court held that in such case the statute was not a good plea. It is true, Mr. Justice DUNCAN, in delivering the opinion of the court, classes debt against an attorney for money received by him among the instances in which the statute does not apply, and refers to Comyn's Digest, vol. 7, p. 415, as authority. I have examined the first American (from the fifth English) edition of Comyn, and find that it makes no reference to debt against an attorney. It does enumerate several instances in which the statute

[Wickersham *v.* Lee, No. 2.]

does not apply to an action of debt: as debt upon an award, debt for a legacy, debt against a sheriff for money collected upon a fieri facias, &c. It may be that where an attorney receives the money of his client by virtue of his official position and not by reason of any contract between them he would not be entitled to set up the bar of the statute to an action of debt brought to recover it. It is unnecessary to discuss this proposition, for we have no such question before us. The defendants below were mere collection agents. True, one of them was an attorney, and is so described in the declaration. But it is mere matter of description. . There is no averment that he received any of the plaintiffs' money by virtue of his office of attorney. Further, he was not served, did not appear, and there was no trial as to him. The other defendant (Wickersham) was not an attorney, nor declared against as such. It is plain that as to him there was a contract relation. The declaration avers that " the said plaintiffs, heretofore, to wit, on the 17th day of March 1862, * * * employed the said defendants to collect for them, the said plaintiffs, a claim," &c. Here was an express contract to collect the money, and an implied contract in fact to pay it over when received. There is a manifest distinction between such a case and that of a public officer who merely owes a duty. A sheriff who receives money upon an execution is under no contract express or implied with the plaintiff in the writ. He collects it by virtue of his office, in obedience to the mandate of the execution, and when received it is his official duty to pay it over to whomsoever may be legally entitled to receive it. If the action at bar had been assumpsit it is clear the statute would apply. This is settled by authority : Campbell's Adm'r *v.* Boggs, 12 Wright 524 ; Rhines's Adm'rs *v.* Evans, 16 P. F. Smith 192. Can the plaintiffs avoid the bar of the statute by merely changing the form of action ? We think not. It is the *cause* of action rather than the *form* of action which determines the applicability of the statute: DeHaven *v.* Bartholomew, 7 P. F. Smith 126 ; Thompson *v.* McGaw, 2 Watts 161 ; Doebler *v.* Snavely, 5 Id. 225 ; Dillebaugh's Estate, 4 Id. 177 ; Patterson *v.* Nichol, 6 Id. 379 ; Rank *v.* Hill, 2 W. & S. 56. We are of opinion that the defendants were entitled to the benefit of the statute, and that it was error to enter judgment against them upon the demurrer.

> The judgment is reversed, and judgment is now entered here in favor of the defendants upon the demurrer.