# Henry's Estate (No. 1).

*Statute of limitations—Order for support—Parent and child.*

An order of the court of quarter sessions directing a son to pay a sum stated to his father for the latter's support and maintenance, is a judgment, and is not barred in six years by the statute of limitations.

Argued May 11, 1905.   Appeal, No. 205, April T., 1905, by John D. Watson, from decree of O. C. Lawrence Co., Sept. T., 1904, No. 41, dismissing exceptions to auditor's report in estate of Patrick Henry, deceased.   Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Exceptions to report of E. F. G. Harper, Esq.
The opinion of the Superior Court states the case.

*Error assigned* was in discharging exceptions to the auditor's report.

*H. K. Gregory*, with him *T. W. Dickey* and *John D. Watson*, for appellants.—A payment of money ˙decreed by a court of quarter sessions to be paid is not an action of debt grounded upon any lending or contract: DeHaven v. Bartholomew, 57 Pa. 126 ;  Thompson v. McGaw, 2 Watts, 161 ; Doebler v. Snavely, 5 Watts, 225 ;  Rank v. Hill, 2 W. & S. 56 ;  Richards v. Bickley, 13 S. & R. 395 ; Reber's App., 125 Pa. 20 ; Vincent v. Watson, 40 Pa. 306 ;  Sedgley Ave., 7 W. N. C. 1.

*Frank Whitesell*, of *Whitesell Brothers*, with him *Chester ˙ W. Wallace*, for appellee.

OPINION BY HENDERSON, J., July 13, 1905:

On the hearing before the auditor in the matter of the distribution of the estate of Patrick Henry, a claim was presented on behalf of his father, Charles Henry. This claim arose out of a proceeding in the court of quarter sessions of Allegheny county, brought under the twenty-eighth section of the Act of June 13, 1836, P. L. 539. After a hearing, the court of quarter sessions made the following order:

" And now, May twelfth, one thousand eight hundred and ninety-three, after considering the testimony, it is ordered that the respondent, Patrick Henry, pay the costs of these proceedings, and pay to his father, Charles Henry, three dollars ($3.00) per week for his support till further order of the court." A subsequent proceeding was had in the same court against the same respondent for the penalty provided by the act because of the respondent's failure to comply with the order above recited. In the latter case the court made the rule absolute, and ordered that the respondent pay to the department of charity of the city of Pittsburg, for the use of Charles Henry, the sum of $250, and the costs of the proceeding, and that a writ of fieri facias be issued to enforce payment of the order. Nothing was paid to the appellant on these orders, and when the amounts directed therein to be paid were presented as claims against the decedent's estate, they were rejected by the auditor for the reason that they were barred by the statute of limitations. The single question which we now have for consideration is, does the statute operate against the orders so made?

The twenty-eighth section of the act of 1836, on which the appellant's claim is based, is a revision of the twenty-ninth section of the Act of March 9, 1771, 1 Sm. L. 332, and the latter section is substantially a re-enactment of the seventh section of the statute of forty-three Elizabeth, c. 2. Under all of these enactments relations of the classes designated were placed under legal obligation to relieve and maintain poor relations, as by the statute provided. The Act of 1836 gives jurisdiction to the court of quarter sessions in such cases, and authority is vested in that court to issue process for enforcement of its order by levy and sale of the goods of the person or persons against whom the order is made. The act of April 15, 1857,

P. L. 191, declares upon whose petition the proceeding may be instituted, and authorizes the court of quarter sessions " To hear, determine, and make orders and decrees in all cases arising under the twenty-eighth section of the Act of the 13th June, one thousand eight hundred and thirty-six."

The court of quarter sessions is a court of record, and the order of maintenance in such a proceeding is in the nature of a judgment. It is described in the act of 1857 as a decree. It is binding upon all the parties, and is not subject to collateral attack in a subsequent proceeding. Judgments are the sentence of the law pronounced by the court upon the matter contained in the record: 3 Bl. Comm. 395. A judgment is the final consideration and determination of a court of competent jurisdiction upon the matters submitted to it: 1 Black on Judg., sec. 1; Whitwell v. Emory, 3 Michigan, 84; 2 Bouvier's Law Dictionary; 2 Tidds Prac. 930; Mahoning County Bank's Appeal, 32 Pa. 158.

It was decided in re Sedgley Avenue, 7 W. N. C. 1, that the confirmation by the court of quarter sessions of an award of damages of a road jury is a judgment, and that the liability of the city of Philadelphia became fixed by the confirmation of the award. The reasoning of the court in that case is applicable here, and makes it clear that the order of the court of quarter sessions determining the liability of Patrick Henry for maintenance, and for the penalty provided by the act was final and conclusive, and a debt of record. An award even upon a parol submission is not barred by the statute of limitations: Rank v. Hill, 2 W. & S. 56; nor is the claim for a legacy: Thompson v. McGaw, 2 Watts 161. The statute of limitations applies to " all actions of debt grounded upon any lending or contract without speciality." The subject of the appellant's claim is a debt of record and does not contain any element of lending or contract. The statute of limitations is not therefore applicable to it, and the appellant was entitled to participation in the distribution of the estate. The decree is therefore reversed, and the record remitted to the court below, with direction to make distribution of the funds among the creditors entitled thereto, including the appellant.