# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## In re Margaret McCanna, a Lunatic.

*Lunatics—Maintenance—Claims of Commonwea¹th and poor district—Statute of limitations—When applied—Act of June 1, 1915, P. L. 661.*

Under the Act of June 1, 1915, P. L. 661, where a claim is made on behalf of the Commonwealth and on behalf of any county or poor district, for the reimbursement for money expended in the care of an indigent lunatic, and there is not sufficient in the estate to pay the claim in full, the same shall be paid pro rata to the state and county, in the proportion of the amount of maintenance legally recoverable by each.

Where a guardian of an insane person has filed an account showing moneys in his hands for distribution and the Commonwealth and the Poor District claim distribution pro rata for the moneys expended in the care of a lunatic, the claim of the poor district is limited to the amount contributed within six years prior to filing its claim for reimbursement.

The statute of limitations may be pleaded against the poor district as its right to recover is based upon an implied contract. And the Commonwealth can restrict the claim of the poor district to six years from the date of the filing of the claim for reimbursement.

Where the fund is not sufficient to pay all, each creditor has the right to oppose any other claimant, by showing payment of the debt or that it is barred by the statute of limitations. The Commonwealth can therefore plead the statute of limitations against the claim of the poor district.

Argued April 14, 1921. Appeal, No. 109, April T., 1921, by the Poor District of Kittanning Borough, from judgment of C. P. Armstrong County, Sept. T., 1917, No. 122, making distribution of a fund in the hands of the guardian of Margaret McCanna, a lunatic. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to guardian's account. Before KING, P. J.

From the record it appeared that Margaret McCanna was found insane by a commission on October 17, 1908, and by order of court committed to the insane asylum at Warren, Pennsylvania. At that time she had a legal settlement in the Borough of Wickboro, now the Borough of Kittanning, and being a poor and indigent person, the place of her legal settlement became liable for, and paid for her maintenance at said asylum.

In 1917, the said Margaret McCanna, by inheritance, became the owner of an interest in certain real estate and, by proceedings in the Court of Common Pleas of Armstrong County, September Term, 1917, No. 122, was adjudged a weak-minded person and the Armstrong County Trust Company was appointed her guardian.

On May 5, 1919, the Commonwealth of Pennsylvania presented its petition to the court praying for a rule on the Armstrong County Trust Company, guardian of Margaret McCanna, to show cause why it should not pay the Commonwealth of Pennsylvania the sum of $1,351.79, or such part or proportion thereof as the funds in its hands would warrant. A rule was issued and served and an answer filed wherein the guardian set forth that the said Margaret McCanna had, by order of the court of December Sessions, 1908, No. 5, been committed to the asylum at Warren as an insane person and that the Borough of Kittanning had expended certain sums for her maintenance and was entitled to participate in the funds in the hands of the guardian. The guardian filed its final account showing a balance in its

hands of $410.62. This account was confirmed abso-
lutely and on July 3, 1920, the court appointed Guy C.
Christy, Esq., as auditor, to make distribution.

The auditor filed his report and, on exceptions, the
court sustained the exceptions and modified the report
in an opinion which in part is as follows:

Section 7 of the Act of June 1, 1915, inter alia, pro-
vides "that where there is a claim against the estate of any
person......both on behalf of the Commonwealth, the
County or Poor District, and there is not sufficient funds
in the estate to pay in full, the same shall be paid pro
rata to the State and County in the proportion of the
amount of maintenance legally recoverable by each."

It will be noticed—the payment pro rata depends not
on the amount of money expended, but upon the amount
of maintenance legally recoverable by each.

The claim by the poor district of Kittanning Borough,
or if made by the county, as we have seen, is subject to
the bar of the statute of limitations, and if the claim
was sought to be recovered by an action at law, with the
plea of the statute interposed, the amount recoverable
would be limited to that accruing within six years im-
mediately preceding the institution of the action. So in
the present instance, the fund being in the hands of the
guardian of the lunatic, and being insufficient to pay the
claims in full, we hold that the Commonwealth was
within its legal rights in demanding that the statute of
limitations apply and be applied to the claim of the
poor district, and that the only amount legally recover-
able by said district was the amount paid out by it for
support and maintenance of said lunatic within the six
years immediately preceding the filing of its petition in
the court for reimbursement.

We find upon inspection and calculation that the poor
district up to said time had expended the sum of
$654.23. The amount expended by the Commonwealth
was $1,515.36, and the total fund for distribution and

available to pay on account of said claims as shown by the auditor's report is $358.87.

Of said amount the Commonwealth is entitled to receive 1515.36-216959ths part thereof, or $250.67, and the Poor District of Kittanning Borough is entitled to receive 65423-216959ths part thereof, or $108.20.

To this extent the report of the auditor is reversed and his schedule corrected.

And now, November 15, 1920, the exceptions to the report of the auditor are sustained. The report of the auditor and his schedule of distribution are corrected and modified to comply with our foregoing opinion, and the several amounts as stated above to wit, $250.67 is now awarded to the Commonwealth and $108.20 is awarded to the Poor District of Kittanning Borough, and the guardian of said lunatic is directed and ordered to pay the funds in his hands to wit, $358.87 to the said claimants in the amounts as stated in this order, and the other items are to be paid as set forth in the report of the auditor. Exceptant appealed.

*Error assigned*, among others, was the order of the court.

*H. N. Snyder*, for appellant.—The statute of limitations was only intended to limit those actions which are grounded upon contracts. In the case at bar there was no contract between the insane pauper and the poor district: Richards v. Bickley, 13 S. & R. 395; Directors .v. Nyce, 161 Pa. 82; Roller and Shoemaker v. Meredith, 4 Pa. Superior Ct. 461; Hannum v. Borough of West Chester, 63 Pa. 475.

The defense of the statute of limitations is a personal privilege which may be invoked or waived: Heath v. Page, 48 Pa. 130; Kyle and Dunlap's App., 45 Pa. 353; Appeal of Overseers of the Poor of White Deer Township, 95 Pa. 191; Keen et al. v. Kleckner and Orwig, 42

Pa. 529; Sheppard's Est., Halsey & Smith's App., 180 Pa. 57.

*Edmund K. Trent,* and with him *George E. Alter,* Attorney General, for appellee, cited: Claghorn's Est., Keller's App., 181 Pa. 600; Hoch's App., 21 Pa. 282; Wickersham v. Lee (No. 2), 83 Pa. 422; In re Frank Hoffmann, 258 Pa. 343; Arnold's Est., 253 Pa. 517.

OPINION BY LINN, J., July 14, 1921:

This is a proceeding under the Act of June 1, 1915, P. L. 661, entitled "An act relating to the maintenance of insane, feebleminded, and other persons confined in the various institutions of the Commonwealth; fixing liability for their support; providing for the collection of the moneys due the Commonwealth therefor, and for proceedings relating thereto." Various phases of the obligations created thereby were considered in Arnold's Est., Mansley's Est. and Com. v. Evans, reported in 253 Pa. 517, 522 and 524, respectively; in Hoffmann's Case, 258 Pa. 343, and in Harnish's Est., 268 Pa. 128.

Under section 7 the Poor District of Kittanning Borough and the Commonwealth claimed distribution pro rata of the amount brought into court by the guardian of Margaret McCanna, a lunatic. The court sustained the position of the Commonwealth that the claim of the Poor District be limited to the amount contributed within six years prior to filing its petition. The Poor District appeals, contending that (1) the statute of limitations is not applicable and (2) in any event the Commonwealth cannot raise the point.

The record shows that in 1908 Margaret McCanna was found insane and was committed to the State Hospital for Insane at Warren, Pa., as an insane and indigent person, and that then her legal settlement was the appellant poor district. While in the hospital the Commonwealth contributed for her support at the rate of $2.50 a week and the poor district at a rate somewhat

less. In 1917 she inherited property which her guardian brought into court for distribution. After deducting the expenses of the audit there remained $358.87. On May 5, 1919, the Commonwealth presented its petition under section 4 of the statute, averring payment of $1,351.79 and claiming the fund. On May 28, 1919, the Poor District of Kittanning Borough presented its petition setting forth that it had paid $1,073.08 and claiming to share pro rata under section 7. Section 1 provides that whenever any person is maintained as an inmate of any state hospital in whole or in part at the expense of the state "the property or estate of such person shall be liable for such maintenance......"; section 6 provides that claims by the Commonwealth "shall take precedence and be paid after other claims which by law are now given preference, and before any claims of general creditors." Section 7 provides that where a claim is made "both on behalf of the Commonwealth and on behalf of any county or poor district, and there is not sufficient in the estate to pay the claim in full, the same shall be paid pro rata to the state and the county, in the proportion of the amount of maintenance legally recoverable by each." Section 8 provides for the collection of claims due at the time of its passage.

1. Appellant contends that the statute of limitations is not applicable because the claim is not "grounded on any lending or contract without specialty" within the Act of 1713. The authorities are against appellant. Whatever may originally have been the obligation of a pauper or indigent insane person to repay, it is clear that the statutes in this state have imposed an obligation to pay for maintenance received, that assumpsit to recover lies and that limitation may be pleaded: Directors v. Nyce, 161 Pa. 82. While in that case the defendant appealed and the application of the statute of limitations was therefore not passed on by the Supreme Court, it was clearly recognized that the act then in question imposed an obligation to pay; in Arnold's Estate and in

Hoffmann's case (supra) it is distinctly stated under the Act of 1915 that the amount paid for the support of the lunatic is paid "on an implied contract......to reimburse those who have supplied his necessities"; of course the statute of limitations may be pleaded to an action on an implied contract: Wickersham v. Lee (No. 2), 83 Pa. 422; Etter v. Greenawalt, 98 Pa. 422, 430.

2. The remaining contention that the Commonwealth cannot restrict appellant's claim to the period of limitation has also been settled against appellant. Section 7 of the act provides for prorating "in the proportion of the amount of maintenance legally recoverable by each." In Claghorn's Est., 181 Pa. 600 at 607, the authorities are quoted to the effect that "......It follows that when the fund is not sufficient to pay all, each creditor has a right to oppose any other claimant, by showing payment of the debt or that it is barred by the statute of limitations."

It was stated at the argument that even if we should be against appellant on the propositions discussed, the distribution should be reversed because the recovery permitted was limited to six years prior to the audit, instead of to six years prior to the filing of the petition. We understand from the opinion filed below that the learned president judge held "that the only amount legally recoverable.....was the amount paid out......within the six years immediately preceding the filing of its petition ....." We need not here restate the account if it was not in fact stated as intended; we observe too that the claim of the Commonwealth was not for the total paid to the date of the audit, but only to June 8, 1920.

We therefore affirm the order appealed from with leave to appellant, at its costs, if the facts warrant it, to apply to the court below within twenty days from the return of the record for a revision of the order of distribution whereby both claimants if they so desire may prorate to the date of the audit August 3, 1920, consistently with this opinion.