## Martin's Estate.

*Decedent's estate—Debts—Liability to State and county for support of intestate's wife in an insane asylum—Statute of limitations—Act of June 1, 1915.*

1. The claims of the County and the Commonwealth against a decedent's estate for the support of the decedent's wife in an insane asylum are chargeable, under the Act of June 1, 1915, P. L. 661, against the estate to the exclusion of the widow and children, with the exception of the widow's exemption of $500, to which she is entitled.

2. In such case, the claim of the County will be limited to the amount accruing within six years immediately preceding the filing of the claim.

3. Jurisdiction over such claims is in the Orphans' Court of the county where the estate is being administered.

Administrator's account. O. C. Fayette Co., March Court, 1923, No. 29.

*Lee Smith,* for administrator; *Lynn V. Phillips,* for claimants.

WORK, P. J., April 12, 1923.—Ernest B. Martin, a resident of Vanderbilt, Pa., died Feb. 6, 1922, intestate, leaving to survive him his widow, Clara M. Martin, and one child, Valeta M. Livingston, as his next of kin and heirs-at-law. Letters of administration were granted to Thomas W. Martin, who assumed the trust and filed his first and final account at the above number and court. The audit of the account shows a corrected balance for distribution of $3848.38. The testimony shows that the intestate left certain real estate, which has not been sold or accounted for in the account before us, and that the debts are all paid except a claim of the Commonwealth of Pennsylvania and a claim of the County of Fayette.

The records in this case show that the said Clara M. Martin, wife of said Ernest B. Martin, deceased, on or about Nov. 25, 1909, was admitted to the Dixmont Hospital for the Insane at Dixmont, Pa., from the County of Fay-

ette, as an indigent insane person, wherein she has been confined, and is still confined there, as an indigent insane patient at the expense of the County of Fayette and the State of Pennsylvania. At the audit the Commonwealth of Pennsylvania presented its claim against the estate of Ernest B. Martin, deceased, husband of Clara M. Martin, a lunatic, for her maintenance and support at the State Hospital for the Insane at Dixmont, Pa., from Nov. 25, 1909, to May 13, 1911, and from Aug. 14, 1912, to Feb. 6, 1922, the date of her husband's death, to the amount of $1672.82, and the County of Fayette presented its claim for her maintenance and support at the same institution from Nov. 30, 1915, to Nov. 30, 1921, to the amount of $765.23. The State interposed the bar of the statute of limitations on the County's claim, thereby limiting its claim to that accruing within six years immediately preceding the filing of the claim: In re Margaret McCanna, a Lunatic, 77 Pa. Superior Ct. 1, and cases there cited. The former account is verified by the superintendent, and the latter account by one of the Commissioners of the County of Fayette, in accordance with section 5 of the Act of June 1, 1915, P. L. 661, which provides that the sworn statement of the superintendent, steward or other person in whose custody are kept the records of any hospital, home, asylum or other institution wherein persons are maintained in whole or in part at the expense of the Commonwealth shall be received as *prima facie* evidence in any court of this Commonwealth of the amount expended by the Commonwealth or County for the support or maintenance of such person.

Section 3 of the Act of June 1, 1915, P. L. 661, provides: "The husband, wife, father, mother, child or children of any person who is an inmate of any asylum, hospital, home or other institution maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able to do so, shall be liable to pay for the maintenance of any such person as hereinafter provided."

The claims of the Commonwealth and of the County of Fayette are properly chargeable to the estate of Ernest B. Martin, husband of the lunatic, and the husband's liability is conditioned only upon his legal ability to pay. As we view this record, these claims should be paid in full, to the exclusion of the widow and only child.

Section 7 of the same act provides for claims of the Commonwealth and the County, that in case of insufficient funds to pay both in full, they are to be paid *pro rata*. In the case before us there is sufficient to pay both claims in full.

The Citizens' Title and Trust Company of Uniontown, Pa., is guardian of the said Clara M. Martin, and on April 2, 1923, at No. 1687½, September Term, 1922, it obtained an order from the Court of Common Pleas of Fayette County to claim for the said Clara M. Martin her widow's exemption of $500 out of her husband's estate. This record was certified by the Prothonotary to the Orphans' Court, and the same is approved by this court and will be ordered paid.

The said Ernest B. Martin left certain real estate which remains unsold and clear of liens, in which the said Clara M. Martin owns a one-half interest. In addition to her real estate holdings, her guardian has on hand some $3000 in cash in her account to meet any future obligations on the part of the Commonwealth and the County of Fayette.

The burden of maintaining the lunatic rested upon Ernest B. Martin. He being dead, the adjudication of the claims of the Commonwealth and the County of Fayette passes to the Orphans' Court, where his estate is being administered: Harnish's Estate, 268 Pa. 128.

4 D. & C.

Martin's Estate.

*Order.*

And now, April 12, 1923, upon and after due consideration, and for the reasons stated in the opinion herewith filed, the account filed at No. 29, March Court, 1923, as corrected, is confirmed, and the court orders and directs the accountant to pay the balance in his hands, viz., $3848.38, as follows:

To the Citizens' Title and Trust Company of Uniontown,
Pa., guardian of Clara M. Martin, a lunatic, widow's
exemption ........................................ $500.00
To the Commonwealth of Pennsylvania................. 1672.82
To the County of Fayette............................ 765.23
To the Citizens' Title and Trust Company of Uniontown,
Pa., guardian of Clara M. Martin, a lunatic, ½........ 455.16
To Valeta M. Livingston, ½..................... $455.17
Less personal property taken at the inventory
price ..................................... 239.50
Balance due........................................ 215.67

**From Luke H. Frasher, Uniontown, Pa.**