## Shannon's Estate.

*Andrew Zawoiski,* for Commonwealth; *Oscar C. Foster,* for poor district. *Hall & Flannery,* for guardian.

COUGHLIN, J., Dec. 19, 1928.—The audit of this estate came on to be heard in pursuance of order of court and notice in accordance therewith.

The account filed Nov. 3, 1928, by the Peoples Union Savings Bank of Pittston, Pennsylvania, guardian of Rebecca C. Shannon, and designated as the fifth (partial) account, is herewith confirmed absolutely, proof of all reports with the Attorney-General having been made.

The fund for distribution, in amount $3497.30, arises from moneys in the hands of the guardian, as set forth in the account.

The Commonwealth of Pennsylvania, by rule to show cause upon the Peoples Union Savings Bank of Pittston, Pennsylvania, claims $2881.99 to reimburse expenditures for maintenance of Rebecca C. Shannon in the Danville State Hospital. The claim is supported by the affidavit of Dr. George B. Humphreys, Assistant Superintendent of the Danville State Hospital. It is allowed.

The Poor District of West Pittston presented and proved at the hearing of the audit the claim for $1383 to reimburse expenditures for maintenance of Rebecca C. Shannon in the Danville State Hospital. This claim for maintenance covers a period from Jan. 1, 1920, to Dec. 1, 1928.

There are insufficient funds to pay both the claims of the Commonwealth of Pennsylvania and that of the Poor District of West Pittston in full.

The Commonwealth of Pennsylvania urges the statute of limitations against the poor district, reducing the claim thereby to $978.19, covering a period of six years prior to the date of presentation. This period is from Dec. 1, 1922, to Dec. 1, 1928.

The statute of limitations may be pleaded against the poor district and its claim restricted to six years from the date of the filing of its claim for reimbursement: In re Margaret McCanna, a Lunatic, 77 Pa. Superior Ct. 1 (1921).

The sum of $978.19, only, of the total claim of the Poor District of West Pittston is allowed.

There are insufficient funds to pay the Commonwealth of Pennsylvania and the allowed claim of the poor district in full.

"Where there is a claim against the estate of any person maintained in any home, hospital, asylum or other institution, both on behalf of the Commonwealth and on behalf of any county or poor district, and there is not sufficient in the estate to pay the claim in full, the same shall be paid *pro rata* to the State and the county, in the proportion of the amount of maintenance legally recoverable by each:" Act of June 1, 1915, § 7, P. L. 661.

We find that the Poor District of West Pittston has expended the sum of $978.19. The amount claimed by the Commonwealth of Pennsylvania was $2881.99, and the total sum for distribution is $3497.30.

Of the said amount, the Commonwealth of Pennsylvania is entitled to receive $2881.99—3860.18ths part thereof, or $2611.07—and the Poor District of West Pittston is entitled to receive 978.19—3860.18ths part thereof, or $886.23.

And now, Dec. 19, 1928, the distribution is made in compliance with the foregoing opinion, and the several amounts as stated above, to wit, $2611.07, is now awarded to the Commonwealth of Pennsylvania and $886.23 is awarded to the Poor District of West Pittston, and the guardian of Rebecca C. Shannon is directed and ordered to pay the funds in its hands, to wit, $3497.30, to the said claimants in the amounts stated in this order.

From Frank P. Slattery, Wilkes-Barre, Pa.