## Commonwealth v. Pflueger.

*James F. McMullan,* for *John F. Shields,* for plaintiff.
*Myles Higgins,* for defendant.

ALESSANDRONI, J., April 18, 1929.—The plaintiff filed a statement of claim, alleging that Anna Pflueger, the defendant's wife, was admitted to the Norristown State Hospital on Dec. 19, 1917, where she has been continuously confined, and that the Commonwealth of Pennsylvania has been obliged to pay for her maintenance. It further alleged that there is still due a balance of

$961.15 from the defendant of moneys expended by the plaintiff, which the defendant has not reimbursed. The defendant filed an affidavit of defense raising questions of law, which will be considered in the order raised.

It is first averred that there is no statutory authority for this suit and that the proper procedure is by petition to the court for an order for support of the dependent person. The defendant's authority for this assertion is section 4 of the Act of June 1, 1915, P. L. 661, which provides that the Court of Common Pleas shall have power to make an order for the payment of the maintenance of any incompetent upon the husband or other person chargeable with the maintenance or in charge of the estate of any inmate. The defendant reasons that this act provides the only and exclusive method whereby the Commonwealth may be reimbursed for the expense of maintaining incompetents.

In the case of Harnish's Estate, 268 Pa. 128 (1920), the Supreme Court considered the section of the Act of 1915 particularly relied upon by the defendant. The court said: "While section 4 authorizes the Court of Common Pleas to make an adjudication in such case upon the application of the Attorney-General, a study of the entire act negatives the idea that such proceeding is exclusive of all others." The court in that case decided that the estate of the parent is liable for the maintenance of an incompetent child. The language of the court expressly denies the validity of the defndant's contention. It is clear that the act in question does not provide the only remedy, and that any action inherent in the Commonwealth still exists.

In the case of In re Margaret McCanna, 77 Pa. Superior Ct. 1, it was held that the liability owed to the Commonwealth by those responsible for incompetents is based upon an implied contract. In the case of Ward's Estate, 22 Dist. R. 564, it was stated: "A husband is liable for the maintenance of his wife and for the expenses occasioned by her sickness, whether that sickness be insanity or one of the more frequent and less serious forms of disease, for insanity is only a disease affecting the mind as other diseases affect the body. The husband is, therefore, primarily responsible during his life, and after his death his estate is liable for such expenses theretofore incurred. If these expenses have been paid by another, the right to reimbursement accrues in accordance with the familiar doctrine that no one can evade the performance of a duty that is imposed upon him by law, through his unwillingness or temporary inability to fulfill it, and he will, therefore, be bound to indemnify those who appropriately undertake that duty for him. This principle is especially obvious when the custody or maintenance of an insane person is involved, for this is a matter of grave public concern: Woodward on Law of Quasi-Contracts, § 195, et seq., . . ." The theory of implied contract in these cases is so firmly established as to need no further comment.

The remaining questions raised by the affidavit of defense may be considered together. The defendant states that the Commonwealth had previously instituted proceedings in Court of Common Pleas No. 1 for an order on defendant for support, and that said order was made on May 8, 1926, and the petition for past maintenance dismissed. This matter is an averment of new facts, which are set up as a question of law in the defendant's affidavit of defense raising questions of law. The defendant has misconceived the function of an affidavit of defense raising questions of law, or a demurrer, as it is sometimes termed. "A demurrer admits the facts alleged in the statement, but avers that they are not sufficient to warrant a judgment:" Wilson Bros. v. Fields, Inc., 1 D. & C. 673. Accord, Parrish & Co. v. Bacon, 7 D. & C. 119. As stated in Bovaird v. Barratt & Son, 78 Pa. Superior Ct. 68: "The question

of law thus raised is the same kind that could formerly be raised by demurrer and must arise out of the facts introduced by way of defense; in other words, it must not be what was called in common law pleading, a speaking demurrer, that is, one which alleges new matter, in addition to that contained in the *narr*, as a cause for demurrer. 'A demurrer is never founded on matter collateral to the pleading which it opposes, but arises on the face of the statement itself:' Stephen on Pleading, 62."

It is apparent that the matters set up in the defendant's demurrer are new facts not alleged in the plaintiff's statement of claim, and, therefore, not properly pleaded in an affidavit of defense raising questions of law.

And now, to wit, April 18, 1929, the questions of law raised by the affidavit of defense are not sustained and defendant is allowed fifteen days within which to file an affidavit of defense to the merits of the action.