## Lykens' Estate

*John A. Moss*, for accountant.
*Theodore G. Confer*, for Commonwealth.

MARX, P. J., March 31, 1945.—Exceptions by Florence Rhoads, a distributee, charge error in the allowance of the claim of the Commonwealth. The nature of the claim and the basis of the ruling of the auditing judge may be gleaned from the following extract from the adjudication:

"A claim was presented on behalf of the Department of Revenue of the Commonwealth of Pennsylvania for $10, alleged to be due on transfer tax. At the settlement of transfer tax liability, the accountant sought credit on the promissory note of decedent to his daughter, Viola Ruth Lykens. The note . . . was dated May 1, 1930, in the principal sum of $500, payable one year after date, with interest at four percent per annum. The note bears an endorsement of interest in full to November 1, 1930. It is a promissory note, not under seal. The register of wills, collecting transfer tax for

the Commonwealth, declined the credit of $10, the tax liability on the note, basing his determination on the apparent bar of recovery under the statute of limitations. The accountant paid the full tax, excepting the $10 item now claimed, awaiting determination of liability on adjudication. The liability of the decedent's estate was admitted. The executor did not plead the bar of the statute. The Department of Revenue, claimant, interposed that plea. The only question raised under these circumstances was whether the creditor and claimant itself had a right to plead the bar of the statute of limitations if the fiduciary and the parties in interest in the estate did not take advantage of that plea. The matter is squarely decided in the cases of Claghorn's Estate, 181 Pa. 600, 608, and McCanna's Estate, 77 Pa. Superior Ct. 1. The appellate courts held that a creditor of the estate had the right to that plea, notwithstanding all others waived it. The claim is, accordingly, allowed, and payment is decreed."

The account includes a credit taken, December 6, 1944, for payment to "Viola Ruth Lykens—note of decedent—500.00". There were no exceptions to that credit.

Our jurisdiction and the procedure thereunder are prescribed in the following statutory enactments:

The amendment of May 27, 1943, P. L. 757, sec. 1, 72 PS §2302, to section 2 of the Act of June 20, 1919, P. L. 521, as last amended by the Act of June 24, 1939, P. L. 721, provides, inter alia:

"That whenever the allowance of any deduction by the register of wills from the gross value of such estates shall be in dispute, the question of allowance shall be determined by the court having jurisdiction of the accounts of the personal representative of the decedent in the adjudication made by such court upon any such account . . .".

The Act of June 4, 1943, P. L. 868, 72 PS §2302, further amended the aforesaid Act of 1919 and the

amending Act of June 24, 1939, without repealing the above-recited portion of the amending act of May 27, 1943, and without any reference to that amendment.

"Whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each. If the amendments be irreconcilable, the latest in date of final enactment shall prevail from the time it becomes effective": Statutory Construction Act of May 28, 1937, P. L. 1019, art. V, sec. 75, 46 PS §575.

There is nothing in the second of the above amendments irreconcilable with the recited provisions of the first amendment. We accordingly conclude that this court takes jurisdiction to determine any dispute based upon the allowance or disallowance of a credit against the gross estate of decedent.

The legislation prescribes no time when, nor method by which, the dispute shall be presented for determination. Here it was presented in the form of exceptions to the adjudication and the decree of distribution. All parties in interest appeared of record, and no one questioned the method.

Under the amendment of June 4, 1943, the clear value of the estate subject to transfer tax is the gross value after deduction of, inter alia, debts of decedent. The statute makes the further provision "that the deductions . . . allowed in the case of any indebtedness of the decedent shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth."

Under the recited legislation and the admitted facts of this issue, the only question before the auditing judge, for determination, was to what extent the alleged indebtedness was contracted in good faith and for an adequate and full consideration. The note was

admittedly the obligation and a debt of decedent. The right of recovery had passed, but the debt remained. The debt was paid by the accountant and there appeared no objection on the part of any party in interest. The good faith of the transaction and the adequacy of the consideration were not questioned. Under the circumstances it became our duty to confirm the payment made.

That payment is now confirmed, and, with that, the claim of the Commonwealth fails.

The exceptions are sustained, the claim of the Commonwealth is dismissed, and the award of $10 will be added to the residue of $3,608.79 and distributed in like manner. As thus amended, the adjudication and distribution are now confirmed absolutely.