## Geisler Estate.

*Lunatics—Maintenance—Duty of parent to support—Jurisdiction—Courts—Common pleas—Orphans' court—Acts of June 13, 1836, P. L. 539; June 1, 1915, P. L. 661.*

Under the Act of June 13, 1836, P. L. 539, the legal duty to support an indigent insane adult child is on the parent.

Under the Act of June 1, 1915, P. L. 661, in the case of the indigent insane adult child, the liability is imposed in the interest of the Commonwealth on the parent, and jurisdiction to enforce such liability is given to the court of common pleas by section 4 of the act. Such jurisdiction is not exclusive of the right of the Commonwealth to enforce the liability of a deceased parent by appropriate proceedings against the decedent's estate in the orphans' court. In such case, the jurisdiction of the orphans' court is not affected by the fact that there has been no adjudication of the claim in the common pleas.

A claim by the Commonwealth for the support of an insane dependent son was properly allowed, even although no claim was made against the decedent in her lifetime and no order secured in the court of common pleas.

Argued April 27, 1921. Appeal, No. 137, April T., 1921, by Harriet Murray, Jennie Hodil and Catharine Geisler, from decree of O. C. Allegheny County, May T., 1920, No. 243, dismissing exceptions to adjudication in the case of Estate of Margaret Geisler. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the following opinion of MITCHELL, J., for the court in banc, sustaining exceptions:

The Commonwealth of Pennsylvania and the Allegheny County Home have presented claims against the decedent's estate for the maintenance of decedent's son, Robert Geisler, who has been an inmate, excepting for short intervals, in the insane department of the Allegheny County Home since March, 1913. Robert Geisler has never had any estate or property from which he could be maintained. The claim of the Commonwealth is for $580.88, being for 290 3/7 weeks at $2 per week, and that of the Allegheny County Home for $871.29 covering the same time at the rate of $3 per week.

The decedent at her death was past eighty-five years of age and for years up to the time of her death had lived on a farm of a few acres owned by her. This farm was practically her entire estate and after her death was sold for $2,570. By her will the decedent directed this farm to be sold and the money realized therefrom to be equally divided among her three daughters, they to pay to her four sons, including Robert Geisler, $100 each, and to another son $50. The balance for distribution as shown by the account of the executor is $2,274.15.

It is contended that these claimants had not exacted payment for Robert Geisler's maintenance at any time prior to decedent's death, that the decedent was without means save the farm on which she lived, that the income therefrom did not maintain her, and that she was in part supported by some of her children; that considering the mother's circumstances the court of common pleas would not in her lifetime have made an order for the payment of maintenance for this son, and that no such order having been made or payment demanded, these claims can not now be allowed.

We cannot agree to this contention. No application was made to the court of common pleas for an order of maintenance during the lifetime of the mother to com-

pel her to pay for this son's maintenance and we do not know what that court would have done had such a petition been filed. It may have been that the mother's circumstances led the claimants to defer asking for a payment which might have pauperized her.

· The Act of June 1, 1915, P. L. 661, in the third section declares that the husband, wife, father, mother, child, or children of any person who is an inmate of any institution maintained in whole or in part by the Commonwealth, and who is legally able so to do, shall be liable to pay for the maintenance of any such person. In re Estate of Jacob F. Harnisch, 268 Pa. 128, it is decided that a claim of this nature may be allowed against a decedent's estate without application having first been made to the court of common pleas for an order of maintenance as provided in section 4 of that act. Whatever may have been the decedent's financial condition in her lifetime, the account here shows an estate more in value than the amount of these claims. [There is no reason why the heirs should take the estate and the liability or debt of the decedent be ignored.] (11)

[It is urged as another reason for avoiding payment that this son performed labor which had a value in excess of the cost of maintenance. The testimony as to this is too indefinite and meagre to allow of an estimate of the value of his services, even if it were proper to permit the claim to be set off by the value of these services.]

(9) There is testimony that it is usual and customary to have the patients confined as this man was to do work if able, and it is reasonable to suppose that Robert Geisler may have been assigned tasks for his physical welfare. It also appears that some payment was made to Geisler for work done by him away from the home. [But how can the value of the labor of the son be set off against these claims against the mother's estate? The son was about thirty-five years old when by regular proceedings he became an inmate of the Allegheny County Home, and the mother could have no claim for his serv-

ices; she could not sue to recover the value of his labor. There must be a mutuality of demand, or this set-off cannot be pleaded.] (10)  The mother or her estate cannot discharge her own obligation with money belonging to the son.  See Hunter, Receiver, v. Henning, 259 Pa. 347.  Even if a set-off could be maintained against the Commonwealth it cannot be taken advantage of by a third person.

The claim of the Commonwealth is in due form as required by the act and should be allowed.

The Allegheny County Home is described as a quasi public corporation.  It is operated and controlled by the County of Allegheny and maintained by it together with such payments as are made to it by the Commonwealth under statute.  Payments are also received from the patients when they are able to do so.  The law implies an obligation on the part of a lunatic or his estate to reimburse those who have supplied his necessities: Arnold's Est., 253 Pa. 517.  [If it be argued that the Act of June 1, 1915, applies only to the claims of the Commonwealth, this decedent's estate is nevertheless liable to the Allegheny County Home for the maintenance of Robert Geisler under the Act of June 13, 1836, P. L. 539, which provides that the father, grandfather, the mother and grandmother, child and grandchild of every poor person not able to work at their own charge, being sufficiently able, relieve and maintain such poor person.  It seems clear that the estate of the mother of Robert Geisler is liable for the maintenance of the son in this home.]  (12)  The statute of limitations has been invoked against the claim of the home, and properly so, and for the amount not falling with the operation of this statute the claim should be allowed.

In accordance with the foregoing views the estate of Margaret Geisler is liable for the claims presented, and distribution should be made to the claimants as herein set forth.

564          GEISLER'S ESTATE.

Opinion of Court below—Opinion of the Court. [76 Pa. Superior Ct.

And now, to wit, February 4, 1921, this matter came on to be heard, upon exceptions to the decree of the auditing judge, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the exceptions be sustained, and the decree of distribution made in this case on November 13, 1920, be amended by striking out so much thereof as distributes, viz:

| | |
|---|---:|
| To Com. of Penna. Trans. Inh. Tax, | $ 42.24 |
| Catherine Geisler, 1/3 bal., | 504.98 |
| Harriet Murray, 1/3 bal., | 504.98 |
| Jennie Hodil, 1/3 bal., | 504.99 |
| Total, | $1,557.19 |

And the following is substituted therefor, viz:

| | |
|---|---:|
| To Com. of Pa., claim for support, etc., | $580.88 |
| To Allegheny County Hospital for the Insane, claim for support, etc., | 832.29 |
| To Com. of Pa. Transf. Inh. Tax, | 13.20 |
| To Catherine Geisler, 1/3 bal., | 43.60 |
| To Harriet Murray, 1/3 bal., | 43.61 |
| To Jennie Hodil, 1/3 bal., | 43.61 |
| Total, | $1,557.19 |

And with this modification the decree is affirmed.

*Error assigned* was the decree of the court.

*John L. High,* and with him *George H. Quaill* and *Mayer Sniderman,* for appellants.

*Thomas F. Garrahan,* and with him *Samuel M. Kerr* and *Harry W. McIntosh,* for appellee.

PER CURIAM, July 14, 1921:

These three appeals were argued together, the question involved being the same in each, and are so ably

considered in the opinion filed by the orphans' court in banc in disposing of the exceptions filed to the order of the auditing judge, that the decree and distribution made by the court in banc is affirmed.