## Commonwealth ex rel *v.* Wolodarsky, Appellant.

*Domestic relations—Parent and child—Grandparent—Order of Court.*

An order requiring a grandparent to contribute $6.00 a week for the support of his grandchildren, will be reversed where the record does not show that the father is unable to maintain his children, and where the order takes an unreasonable amount of the respondent's income.

Submitted March 16, 1927. Appeal No. 91, October T., 1927, by respondent, from decree of the Municipal Court of Philadelphia, Domestic Relations Division, January T., 1927, No. 49, in the case of Commonwealth, ex rel vs. Nathan Wolodarsky. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for order of support. Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

532   COMMONWE'TH ex rel. *v.* WOLODARSKY, Appel.

Assignment of Error—Opinion of the Court.   [90 Pa. Superior Ct.

The Court ordered the respondent to pay the sum of $6.00 a week for the support of five grandchildren. Respondent appealed.

*Error assigned,* was the decree of the Court.

*Frederick Beyer* and *Clinton A. Sowers,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY LINN, J., April 22, 1927:

This appeal is from an order of the Municipal Court, requiring a grandfather to contribute $6 a week for the support of his grandchildren. The testimony and order occupy only two printed pages in the record, and, as the assistant district attorney frankly stated at the oral argument, the record does not support the order.

(1) There is nothing to indicate that the father of the children is not able to support them, though the primary obligation to do so is his: Com. v. Milne, 90 Pa. Superior Ct. 68. Unless it appear that parents cannot support their children, grandparents are not liable.

(2) The grandfather's income appears to be $20 a month from real estate and $5 a week from his candy store, in all $500 a year. With that he must support himself, his wife and one child attending school. If he complies with the order appealed from, he and the other two members of his family must live on much less than half his income. There is no law authorizing such restriction. For the rule regulating the amount allowable, see Com. v. Bowie, 89 Pa. Superior Ct. 288, Com. v. Milne, supra.

The order is wrong (a) because the record does not

show that the father is unable to maintain his children; and, (b) assuming the father's inability, because the amount ordered to be paid takes an unreasonable share of the grandfather's income.

Order reversed.