## Spangler's Estate.

*Robert S. Spangler*, for petition; *Cochran, Williams & Kain*, contra.

Stock, J., Nov. 28, 1927.—The Commonwealth of Pennsylvania, on Aug. 17, 1927, filed its petition for an order of maintenance upon the York Trust Company, trustee, for the maintenance and support of Mary L. Erwin at the Harrisburg State Hospital.

Mary L. Erwin had been an inmate of the State hospital at Harrisburg from Nov. 4, 1911, to the date of her death, Jan. 1, 1927. There is a balance due and owing the Commonwealth of Pennsylvania for her maintenance of $1211.69.

The York Trust Company was, on April 4, 1892, appointed by the Orphans' Court of York County the trustee to administer a fund created by the will of Louisa B. Spangler, deceased. The clause of the decedent's will under which

this appointment was made is as follows: "I direct the sum of $500.00 to be invested by my hereinafter named executor and the interest of said sum, less costs, taxes and expenses of said trust, shall be annually paid to my niece, Mrs. Mary Louise Albright, during her natural life, and after her death I bequeath said sum of $500.00 to her daughter, Annie Stough."

Mary Louise Albright afterwards married and is known as Mary L. Erwin. Annie Stough afterwards married and is known as Annie Stough Rouse.

The York Trust Company filed its final account as trustee as aforesaid on June 6, 1927, showing a balance on said account of $415.25.

There can be no question but that Mary L. Erwin's interest in said trust fund terminated at her death, Jan. 1, 1927, and that the balance on the account, representing principal, vested in Annie Stough Rouse. Annie Stough Rouse is the only surviving child of Mary L. Erwin, and is liable for the maintenance of her mother at a State hospital.

Under these facts, can the Court of Common Pleas make an order upon the fiduciary for the maintenance of Mary L. Erwin at a State hospital?

The Commonwealth relies upon the Act of June 1, 1915, P. L. 661, as amended by the Act of May 10, 1921, P. L. 438, for authority for such an order. Section 4, as amended, provides as follows: "The Court of Common Pleas of the county of the residence of any inmate of any home, hospital, asylum or other institution maintained in whole or in part by the Commonwealth of Pennsylvania shall, upon the application of the Attorney-General, make an order for the payment of maintenance to the Commonwealth upon the trustee, committee, guardian or other person who has charge of the estate of any such inmate, or against the husband, wife, father, mother, child or children of any person so maintained; and any order made against the husband, wife, father, mother, child or children shall be in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance."

The Commonwealth may obtain an order against the fiduciary having charge of the estate of an inmate, or against certain relatives of an inmate, including a child. But no authority is given for an order against a fiduciary having charge of a legacy distributable to a child or other relative of an inmate.

The Commonwealth, however, relies upon the joinder of Annie Stough Rouse in the petition of the Commonwealth to give the court jurisdiction. The order, however, which is specifically prayed for is an order against the York Trust Company as trustee. That fiduciary did not join in the petition, but, on the contrary, filed an answer raising the question of jurisdiction of the court to make an order upon it. Annie Stough Rouse, by her joinder, cannot waive rights of the York Trust Company nor confer jurisdiction upon this court to adjudicate the rights of the York Trust Company where such jurisdiction did not otherwise exist.

Annie Stough Rouse, however, has submitted herself to the jurisdiction of this court, and has joined in the petition, which concludes with the general prayer, "or the court to make such other or modified order as in its judgment may be just and proper." The court will, therefore, make an order against her in accordance with the terms of settlement set forth in the petition, and will make no order against the fiduciary.

The fiduciary, by petition, sought to transfer this proceeding to the Orphans' Court, where jurisdiction of the fund lies. Although the Act of 1915 does not give exclusive jurisdiction to the Court of Common Pleas to make an order of maintenance for support of an inmate in a State hospital,

and the Orphans' Court has jurisdiction where the decedent is liable for the maintenance of the inmate (Harnish's Estate, 268 Pa. 128; Geisler's Estate, 76 Pa. Superior Ct. 560), yet in this case there is no liability for support upon the decedent, Louisa B. Spangler, but upon the legatee, Annie Stough Rouse. The Orphans' Court has no jurisdiction of cases arising between a legatee and a stranger to the estate.

The claim of the County of York for its share of the expense incurred for the maintenance of Mary L. Erwin has no standing whatever. The want of jurisdiction to make an order against the York Trust Company in favor of the Commonwealth applies equally against the county. In addition, however, the Act of 1915 applies only in relief of the Commonwealth and not in aid of the county. An order cannot, therefore, be made in favor of the county and against Annie Stough Rouse.

In accordance with the terms set forth in the petition, the sum of $415.25, less the sum of $150, leaving a net sum of $265.25, is made the basis of this order.

And now, to wit, Nov. 28, 1927, the court makes an order upon Annie Stough Rouse, child of Mary L. Erwin, to pay the sum of $265.25 to the Commonwealth of Pennsylvania for the maintenance of the said Mary L. Erwin.