## Harnish's Estate.

*Poor law—Indigent adult children—Indigent adult insane children—Support—Duty of parent—Jurisdiction—Courts—Quarter sessions—Common pleas—Orphans' court—Acts of June 13, 1836, P. L. 547; April 15, 1857, P. L. 191, and June 1, 1915, P. L. 661.*

1. Under the Acts of June 13, 1836, P. L. 547, and April 15, 1857, P. L. 191, the legal duty to support an indigent adult child is on the parent, and jurisdiction to enforce such liability is in the court of quarter sessions; but in case of an indigent insane adult child, the liability is imposed, in the interest of the Commonwealth, on the parent by the Act of June 1, 1915, P. L. 661, and jurisdiction to enforce such liability is given to the court of common pleas by section 4 of the act; but such jurisdiction is not exclusive of the right of the Commonwealth to enforce the liability of a deceased father by appropriate proceedings against his estate in the orphans' court.

2. In such case, the jurisdiction of the orphans' court is not affected by the fact that there has been no adjudication of the claim in the common pleas.

Argued May 17, 1920. Appeal, No. 280, Jan. T., 1919, by Jacob B. Harnish, devisee, from decree of O. C. Lancaster Co., Sept. T., 1917, No. 22, dismissing exceptions to adjudication in estate of Jacob F. Harnish, deceased.

Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Exceptions to adjudication.  Before SMITH, P. J.
The opinion of the Supreme Court states the facts.
The court dismissed exceptions to the adjudication. Jacob B. Harnish, devisee and legatee under the will of Jacob F. Harnish, deceased, appealed.

*Error assigned,* among others, was decree of court, quoting it.

*B. F. Davis,* with him *Harvey B. Lutz,* for appellant. —The son was a married man and above the age of twenty-one when he became insane and a charge, and, if the father had been living, such a claim could not have been collected against him, without resorting to the procedure as provided in the Act of 1915.

Where it is sought to impose a statutory liability upon the parents for the support of an adult child, the case must be brought within the terms of the statute, and the liability does not accrue until proceedings have been had pursuant to the statute to impose it: Pittsburgh & A. Drove Yard Co.'s App., 123 Pa. 250; Phelp's App., 98 Pa. 546; Meurer's App., 119 Pa. 115; Steinman v. Feldser, 67 Pa. Superior Ct. 58; Fowler v. Eddy, 110 Pa. 117.

*Bernard J. Myers,* Deputy Attorney General, with him *Wm. I. Schaffer,* Attorney General, for appellee.— This claim was due the Commonwealth at the time of the passage of the act, to wit, June 1, 1915.  There was no necessity for an order by the common pleas.

In Arnold's Est., 253 Pa. 517, the court held that the Act of June 1, 1915, P. L. 661, applies to the collection of claims due the Commonwealth at the time of its passage, as well as those which became due thereafter, as set forth in the eighth section of the act.

OPINION BY MR. JUSTICE WALLING, June 26, 1920:

This case involves the construction of the Act of June 1, 1915, P. L. 661, "Relating to the maintenance of insane," etc., the sections thereof here pertinent being as follows, viz: (Section 3) "The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided. (Section 4) The court of common pleas......shall have power, upon the application of the attorney general, to make an order, for the payment of maintenance to the Commonwealth, upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate, or against the father, wife, mother, child, or children of any person so maintained; and any order made against the husband, wife, father, mother, child, or children shall be in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance......(Section 5) The sworn statement of the superintendent, steward, or other person, in whose custody are kept the records of any hospital, home, asylum, or other institution wherein persons are maintained in whole or in part at the expense of the Commonwealth, shall be received as prima facie evidence, in any court of this Commonwealth, of the amount expended by the Commonwealth for the support or maintenance of any such person, in any proceeding brought to recover the amount of such maintenance. (Section 8) This act of assembly is intended to apply to the collection of claims for maintenance due the Commonwealth at the time of its passage as well as those to become due hereafter."

Jacob F. Harnish died testate in 1917, leaving, inter alia, an indigent insane adult son, who was, and for some years prior thereto had been, an inmate of the Lan-

caster County Hospital for the Insane, at the expense of the Commonwealth and the county. No application was made to the court of common pleas for an adjudication of the liability for such maintenance, as authorized in section 4 of the act; but the Commonwealth presented its claim therefor, fully authenticated as provided in section 5, above quoted, at the audit of the father's estate, which estate was ample and the relationship of the parties and indigency of the son admitted. The orphans' court decreed payment of the claim; from which parties interested in the estate brought this appeal.

The legal duty of a parent to maintain an indigent adult child is statutory, and by prior legislation (Act of June 13, 1836, 1 Purdon's Digest, 13th ed., p. 1216; Act of April 15, 1857, P. L. 191) the duty of hearing all such cases, fixing the rates and making the decree was imposed upon the court of quarter sessions; hence the jurisdiction in all such cases was in that court and not elsewhere: Wertz v. Blair County, 66 Pa. 18. However, the Act of 1915 is for the protection of the Commonwealth and refers only to indigent insane; as to that class it changes the standard of liability and method of procedure. The 3d section imposes upon a father, who is legally able to pay, a liability for the maintenance of his insane child while an inmate of an asylum at the expense of the Commonwealth; the 5th section makes the sworn statement of the person in charge of the books of the asylum prima facie evidence of the amount of the claim; and the 8th section extends its provisions to claims then existing. While section 4 authorizes the court of common pleas to make an adjudication in such case upon the application of the attorney general, a study of the entire act negatives the idea that such proceeding is exclusive of all others. The liability imposed upon the father by section 3 is conditioned only upon his legal ability to pay, and section 5 is without limitation as to the court where such claim may be prosecuted. The last words of section 3, viz: "as hereinafter provid-

ed," are as applicable to sections 5, 6 and 8 as to section 4 and, were the latter eliminated, the act would still be valid and the proceeding in the present case regular.

Here the statute imposed a liability upon the father for the support of his son, and, since the former's death, the proper forum for its enforcement is the orphans' court; and, so far as appears, every essential provision of the statute was complied with. Undoubtedly the liability of living parties in such cases is properly adjudicated in the court of common pleas; what we now decide is that where one upon whom the statute has placed the burden dies, the lack of such adjudication does not prevent the allowance of the Commonwealth's claim by the orphans' court. The liability exists by virtue of sections 3 and 8 of the act, and section 4 merely provides a method by which it may be adjudicated. This case depends upon the language of the statute, which was properly construed by the court below.

The assignments of error are overruled and the decree is affirmed at the costs of appellants.