## Commonwealth v. Allison.

*John L. Mollison, Marker & Rail,* for plaintiff.
*John E. Kunkle,* for defendant.

WHITTEN, J., Oct. 13, 1927.—In the plaintiff's statement of claim it is alleged that the defendant is the father of Keats Wesley Allison, a lunatic, now deceased, who was admitted to the Dixmont Hospital of Pennsylvania and was there maintained periodically as an indigent insane patient from Dec. 23, 1913, until March 16, 1926; and that the plaintiff, the Commonwealth of Pennsylvania, paid to the Dixmont Hospital the sum of $1941.24 on account of the maintenance of the said Keats Wesley Allison during the period above mentioned.

In his affidavit of defense, the defendant raised only questions of law, to wit, that:

(a) The statement of claim does not allege that the defendant is legally able or of sufficient ability to pay for the maintenance of the said Keats Wesley Allison; and

(b) That the present action is not in accordance with the Act of June 1, 1915, P. L. 661, which provides the only procedure by which the legal ability of the defendant may be determined and enforced.

When an indigent insane person so confined in a State institution has an estate, the Commonwealth has the right to receive from such estate the total cost of the maintenance of such lunatic, even though such estate should thereby be entirely consumed.

When the estate of the deceased parent of such an indigent insane patient is being distributed by the Orphans' Court, that court has jurisdiction to determine whether such estate should pay to the Commonwealth the amount expended for the maintenance of such indigent insane child: Harnish's Estate, 268 Pa. 128.

In Harnish's Estate, *supra*, the court (opinion, page 131) says: "The Act of 1915 is for the protection of the Commonwealth and refers only to indigent insane; as to that class it changes the standard of liability and method of procedure. . . . The liability imposed upon a father by section 3 is conditioned only upon his legal ability to pay. . . . Here the statute imposed a liability upon the father for the support of his son, and, since the former's death, the proper forum for its enforcement is the Orphans' Court. Every essential provision of the statute was complied with. Undoubtedly, the liability of living parties in such cases is properly adjudicated in the Court of Common Pleas."

In the instant case, the defendant is the father of a deceased indigent insane son, for whose maintenance the Commonwealth of Pennsylvania expended the sum of $1941.24. It does not appear that such indigent insane son had any estate. The Court of Common Pleas—not the Court of Quarter Sessions or the Orphans' Court—has jurisdiction to adjudicate the rights of the parties to this suit.

However, the father of an indigent insane child is liable to the Commonwealth for the maintenance of the latter only upon condition that he "is legally able so to do."

Section 4 of the said Act of 1915, as amended by the Act of May 10, 1921, P. L. 438, further provides that the Court of Common Pleas "shall, upon application of the Attorney-General, make an order for the payment of maintenance to the Commonwealth . . . against the . . . father . . . of any person so maintained . . . in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance."

The court is of the opinion that the plaintiff's statement of claim is insufficient, in that *(a)* there is no averment that the defendant is "legally able" to pay such maintenance charge or that his ability so to pay has been previously determined by any court of competent jurisdiction; and *(b)* the Act of June 1, 1915, P. L. 661, as amended, plainly implies that the defendant's "ability to pay" for the maintenance of his indigent insane son must be fixed— not by a jury in the course of the common law, but by the court in the exercise of its discretion, taking into consideration his ability to pay for such maintenance.

The plaintiff has not averred that the defendant's ability to pay has been established as required by law.

And now, Oct. 13, 1927, after argument by counsel and upon due consideration, the defendant's statutory demurrer is sustained, with leave to the plaintiff to file a proper statement of claim within fifteen days from this date. Should the plaintiff fail to file such a statement of claim within the time above limited, leave is given to the defendant to move the court to enter judgment for the defendant, or to make such other order as may be just.

From William S. Rial, Greensburg, Pa.