## Brubaker Estate.

Argued January 18, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*J. B. Cupp,* of *Williamson & Cupp,* with him *E. A. DeLaney,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

No brief was filed or argument made for appellee.

PER CURIAM, January 29, 1943:

This appeal is from an order of the Orphans' Court of Lycoming County dismissing exceptions of the Commonwealth of Pennsylvania to an auditor's report disallowing a claim of $3,170.20, presented by the Commonwealth against the Estate of Herbert M. Brubaker, deceased, for expenses incurred by it in the maintenance of decedent's insane and indigent son at the Danville State Hospital for the Insane from January 5, 1931, to January 7, 1941, the date of decedent's death. This son was committed to the Hospital upon an order made on January 5, 1931, by the Court of Quarter Sessions of Lycoming County, which placed the costs of maintenance on the county. The order was never revised or challenged and for that reason, the Orphans' Court upheld the auditor in disallowing the claim.

The Act of June 1, 1915, P. L. 661, imposes liability for the support of an indigent, insane child, in the interest of the Commonwealth, on, inter alia, its parent. The fact that there has been no effort to enforce this liability during the lifetime of the parent does not bar the enforcement of such liability by appropriate proceedings against the parent's estate: *Harnish's Estate,* 268

Pa. 128. The subsequent Act of July 11, 1923, P. L. 998, known as The Mental Health Act, does not take away this right of the Commonwealth to present claims for expenses incurred in the maintenance of indigent, insane persons against their parents' estate even though no effort to enforce such claims was made during the latters' lifetime. Had the attention of the court below been called to our decision in *Harnish's Estate,* supra, it would have undoubtedly so held in the instant case.

The order of the court below is reversed and the record is remitted with directions to make distribution in accordance with this opinion.