## Krall's Estate

*Eugene D. Siegrist,* for petitioner.

EHRGOOD, P. J., March 25, 1943. — This matter comes before the court on a petition by the Lebanon County Trust Company, committee of the estate of Fannie Krall, a lunatic, praying for a rule upon the

Commonwealth of Pennsylvania to show cause why payments by petitioner, as committee aforesaid, for the maintenance of Verna Lineaweaver, also a lunatic, a daughter of the said Fannie Krall, being made by virtue of a former order of this court, should not cease and determine.

Pursuant to the facts alleged in said petition, the court awarded a rule to show cause as prayed for, service of which was made, and notice given to the Commonwealth of Pennsylvania, through its Department of Justice, and also upon other persons directed to be served. No answer was filed denying the allegations contained in said petition. A hearing was held by the court and testimony taken. There was, therefore, no dispute as to the facts involved, and the only question before the court is whether the prior order of this court, directing the Lebanon County Trust Company, as committee aforesaid, to make payments to the Commonwealth for the maintenance of said Verna Lineaweaver, shall be abrogated at this time.

It appears from the testimony and the uncontradicted averments contained in the petition, that Fannie Krall, a resident of the County of Lebanon, Pa., was adjudged a lunatic on June 23, 1919, by the Court of Common Pleas of Lebanon County, and the Lebanon County Trust Company, the petitioner, was duly appointed committee of her estate, qualified as such, and is now so acting. Fannie Krall was committed to the Harrisburg State Hospital on November 24, 1930, and has since then been confined in said hospital and also in the Wernersville State Hospital, at Wernersville, Pa., and is now 64 years of age. The daughter, Verna Lineaweaver, who is unmarried, is also now confined as a mental patient in the Wernersville State Hospital, having been adjudged a lunatic on August 18, 1925, and is approximately 37 years of age, and without an estate or income of her own. On May 8, 1933, this court, on petition of the Commonwealth of Pennsyl-

vania, to the above number and term, directed petitioner, as committee aforesaid, to pay the Commonwealth of Pennsylvania the sum of $1,380.82 for the maintenance of her said daughter, Verna Lineaweaver, prior to the date of said order, and further decreed as follows:

". . . and the said committee is further directed to make payments to the Commonwealth for the cost and maintenance of said Verna Lineaweaver at said hospital as the said costs may accrue, until further order of this court".

Fannie Krall had no children other than Verna Lineaweaver, and was divorced from her husband, and has not been remarried. At the time of the former order of this court, herein referred to, the estate of Fannie Krall in the hands of her said committee was the sum of $11,133 invested funds, and $217.29 uninvested, being a total of $11,350.29. Since said order of court, the committee has paid the cost of maintenance of Fannie Krall, and also the cost of the maintenance of her daughter, Verna Lineaweaver. In January 1943, petitioner, as committee, filed its account in the prothonotary's office of Lebanon County, showing the balance in its hands of $6,063.62, and as of the date of said hearing the balance was $6,029.12, consisting of $4,950 invested in first mortgage participations, $1,000 participation in the ownership of real estate, and $79.52 in cash. The net income coming into the hands of the committee from present investments is the sum of $226. The monthly payment by the committee for the maintenance of both Fannie Krall and her daughter was the sum of $46.60, both of them being presently confined in the Wernersville State Hospital. Since May 1933, the principal assets of the lunatic's estate have been depleted in the sum of $5,321.17. The net yield of income from the principal assets of the estate has been lower during the present two years than prior thereto.

The Act of June 1, 1915, P. L. 661, imposes liability for the support of an indigent insane child, in the interests of the Commonwealth, on, inter alia, its parent. There can be no doubt that the prior order of this court, charging the estate of the mother for the maintenance of her daughter, was legally made. Furthermore, The Mental Health Act of July 11, 1923, P. L. 998, gives the Commonwealth the right to present claims for expenses incurred in the maintenance of indigent insane persons against their parents' estates, even though no effort to enforce such claims was made during the latter's lifetime. See Harnish's Estate, 268 Pa. 128, and Brubaker's Estate, 346 Pa. 339. It, therefore, follows that, in the event that this court should now abrogate its former order providing for payment of maintenance for the daughter, and in the event of the death of the mother with ample assets remaining in the hands of her committee, the Commonwealth could make claim for the cost of maintenance of the daughter from the date of the abrogation of said former order; or in the event of the death of said indigent insane daughter, prior to the death of the mother, that the Commonwealth could make legal claim for her maintenance from the date of the abrogation of said order to the date of the death of the daughter, providing ample assets remained. In view of the fact that both the mother and the daughter are insane and are being maintained in a State hospital, the mother having an estate, and the daughter being without an estate or income, the cost of maintenance for the mother in the State hospital is a primary claim upon the funds in the hands of her committee. There has been a substantial depletion in the assets of the mother's estate, and the income coming into the hands of the committee is insufficient, at this time, to pay such costs of maintenance without using additional amounts of the principal assets of the estate. The mother, being 64 years of age, may continue to require hospitalization for a number of years. In

the event of, her discharge from the State hospital she could maintain herself only from the assets of her estate. The possibilities of her becoming self-supporting are practically nil. In view of this situation, and the amount of the funds still in the hands of the committee, and in view of the protection which the Commonwealth will have in the future for the collection of the cost of maintenance of the daughter, who is the only heir and next of kin of the mother, it is the opinion of this court that the prior order of court dated May 8, 1933, should be abrogated and revoked. The Act of 1915 is for the protection of the Commonwealth and refers only to indigent insane. The third section imposes upon a parent, who is legally able to pay, a liability for the maintenance of an insane child while an inmate of a State hospital at the expense of the Commonwealth. Under the circumstances in the case before us, and in view of the many uncertainties which relate to the future welfare and maintenance of the mother, from her estate of approximately $6,000, there is an extreme doubt that the mother's estate is legally able to continue payment for the maintenance of her indigent insane child.

And now, to wit, March 25, 1943, the rule upon the Commonwealth of Pennsylvania to show cause why payments for the maintenance of said Verna Lineaweaver should not cease, is hereby made absolute, and the order of this court dated May 8, 1933, is hereby abrogated and rescinded until further order of this court. The costs of this proceeding to be payable by petitioner, as committee of the estate of Fannie Krall, a lunatic, out of funds in its hands.