## Commonwealth v. Lanahan

*Elgin E. Weest*, for the Commonwealth.
*Robert W. Beatty*, for defendant.

SWENEY, J., December 7, 1945.—The Commonwealth seeks to recover in assumpsit the sum of $1,296.24 from defendant for the maintenance and support of Elizabeth J. Lanahan at Norristown State Hospital. Defendant is the mother of the patient.

Defendant filed an affidavit of defense raising four questions of law: (1) The statement of claim fails to aver that defendant is legally able to pay; (2) the statement of claim does not properly set forth sufficient facts to show that defendant is legally able to pay; (3) the statement of claim fails to show that the patient has been maintained in whole or in part by the Commonwealth; and (4) the statement of claim improperly includes a claim for the past maintenance and support of defendant's daughter.

The statement of claim sets forth that Elizabeth J. Lanahan was admitted to the Norristown State Hospital on March 14, 1939, and was a patient there until July 31, 1944; a certified copy of the account of the patient is attached; that the Commonwealth is entitled to be reimbursed under The Support Law of June 24, 1937, P. L. 2045, as amended by Act of June 9, 1939, P. L. 310 62 PS §1974; that defendant, as the

mother of the patient, is liable for support of her daughter; that defendant owns premises 49 Eagle Road, Oakmont, Delaware County, Pennsylvania, assessed at $3,600, and that demand for payment has been made and refused.

From the statement of claim as filed, we must determine that if the Commonwealth is entitled to recover, it is entitled so to do only under the provisions of The Support Law of 1937, supra, as amended by the Act of 1939. A reading of 62 PS §1974 will reveal that this section of the act has nothing to do with the present suit. However, we will look at the case from the broader aspect of the entire act. And from a reading of the entire act, we are of the opinion that the Commonwealth cannot recover.

Section 2 of The Support Law says, inter alia: "The word court, as used in this act, shall be construed to mean the court of quarter sessions of the peace of any county, . . ." Section 3 provides that the mother of an indigent person . . .

"Shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct; . . ." the courts, meaning quarter sessions court, have power to hear and determine such cases upon petition and, where an order is made and not complied with, an attachment may be issued to bring the offender before the court for contempt. There are no other provisions in this act covering the liability of a mother to pay for the support of an indigent daughter. There is no right under this act to sue a mother in assumpsit in the common pleas court.

The Act of June 1, 1915, P. L. 661, is the act which fixes liability for the care and maintenance of a person who is an inmate of any State mental hospital. Section 4 of this Act, as amended by the Act of April

25, 1929, P. L. 704, 71 PS §1784, provides that the common pleas court of the county of the inmate's residence may, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, make an order for the payment of maintenance to the Commonwealth against the mother of such inmate, said order to be "in such amount as the court, in its discretion, deems proper, taking into consideraation their ability to pay for said maintenance."

Here, again, the law prescribes a method by which the Commonwealth may collect for maintenance. It is only right and proper that the Commonwealth should be reimbursed for the care and maintenance of an inmate in an institution, either from the property of the inmate or by proper order made by a proper court against a person legally chargeable with support. The courts have held that the estates of decedents, chargeable with support of inmates, are liable to the Commonwealth for such support. Harnish's Estate, 268 Pa. 128; Geisler's Estate, 69 Pitts. L. J. 156. But, a mother cannot be compelled to pay for the support of her daughter, unless a petition is filed under The Support Law of 1937 (supra) in the quarter sessions court and an order made against the mother, based upon her "sufficient financial ability" to pay; Commonwealth v. Bauman, 59 Montg. 191; or unless a petition is filed under the Act of 1915 (supra) in the common pleas court, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, and an order made against the mother of the inmate, in such an amount as the court deems proper, "taking into consideration [her] ability to pay for said maintenance."

### Decree

And now, December 7, 1945, it is ordered and decreed that the questions of law raised by the affidavit of defense are decided in favor of the defendant and

judgment be, and is hereby, entered in favor of the defendant, Elizabeth H. Lanahan, and against plaintiff, Commonwealth of Pennsylvania, Department of Revenue, without prejudice to the rights of plaintiff to bring a proper action.

Plaintiff is allowed an exception to this action.