## Commonwealth v. Stecula

*Elgin E. Weest,* for plaintiff.

*Joseph W. deFuria,* for defendant.

SWENEY, J., April 3, 1947.—Defendant is the father of Myron Stecula, who was born September 18, 1920, was inducted into the United States Army on September 18, 1942; was transferred from an Army camp to La Garde General Hospital, New Orleans, La. and, on January 23, 1943, was admitted to the State Hospital for Mental Diseases at Norristown, upon application of Robert A. Wise, first lieutenant, United States Medical Corps, dated January 14, 1943. The application was supported by affidavits of two local doctors, who examined Stecula in Norristown on January 23, 1943. Stecula was discharged from the United States Army, by honorable discharge, dated January 23, 1943; he was a patient at the Norristown Hospital from January 23, 1943 until January 26, 1944, when he was removed to the Veterans Hospital at Coatesville, Pa. The Commonwealth sues to recover the sum of $281.27, cost of maintenance, from defendant.

Through the preliminary stages of this litigation and at the trial defendant based his defense upon the grounds, first, that there was no right in the Commonwealth to bring an action in assumpsit to recover past due maintenance and, second, that the patient was not properly admitted to the hospital. By inference, his second defense raises the additional question that the patient was of age, emancipated from his father and, in the absence of proof that he had no independent estate, there is no liability on the father to pay. The question of the ability of defendant to pay is admitted and is not an issue here.

Upon the trial, the trial judge gave binding instructions for defendant, and the case is now before us on motion for judgment n. o. v. and motion for new trial.

We are convinced that it was error to have given binding instructions for defendant.

There are no Superior or Supreme Court cases ruling the question of the right of the Commonwealth to bring an action in assumpsit for the recovery of unpaid maintenance charges. However, the common pleas courts of the State are unanimous in holding that the Commonwealth has this right: Commonwealth v. Tarras, 89 Pitts. L. J. 285; Commonwealth v. Groller, 41 D. & C. 366 (Lehigh) ; Commonwealth v. Law, 55 D. & C. 698 (Montgomery) ; Commonwealth v. Powell, 35 Luzerne 352; Commonwealth v. Pflueger, 12 D. & C. 183 (Philadelphia) ; Commonwealth v. Paulaski, 43 Lack. Tur. 92.

It is also clear that, if the act of assembly is followed, praying the court to enter an order for support against a father for maintenance of a son, the order when entered, cannot be made retroactive: Commonwealth ex rel. Herman v. Herman, 97 Pa. Superior Ct. 453; Commonwealth v. MacMaster, 88 Pa. Superior Ct. 37.

And, finally, the Commonwealth may collect its claim for the maintenance of a son from the estate of a father: Harnish's Estate, 268 Pa. 128. The implication is clear that a suit in assumpsit, during the lifetime of a parent, for the maintenance of a son, is legally not different from a claim against the parent's estate. We must hold, therefore, that the Commonwealth has the right to bring an action in assumpsit.

The second point raised by defendant that the patient was not properly admitted is likewise without merit. The Mental Health Act of July 11, 1923, P. L. 998, and its amendments provides that a patient may be admitted upon the application of a friend; a lieutenant of the United States Medical Corps may serve in such a capacity and we are compelled to find that the application in this case complies with the act.

However, we are sending this case back for retrial. Because of this, we are dismissing the Commonwealth's

motion for judgment n. o. v. and are granting a new trial. We are not satisfied that there is any liability on the part of defendant to pay this bill, in the absence of proof that the son has no separate estate. Also, Myron Stecula was a member of the armed forces and, if his disability was service connected, there would be a grave question as to the father's responsibility to pay for maintenance as opposed to the responsibility of the Veterans Bureau of the Federal Government.