## Ercolini Estate

*Harold V. Fergus*, for Commonwealth.

*Victor E. Riva*, contra.

ANDERSON, P. J., March 5, 1954. — This issue is again before the court on exceptions filed to the adjudication and decree of distribution in which the court allegedly in error awarded part of decedent's estate to two of his children instead of awarding entire balance for distribution to the Commonwealth of Pennsylvania, on account of its claim for support of a son of decedent who had been maintained by the Commonwealth in one of its institutions from June 16, 1949.

The claim filed was in the amount of $3,577.67 and covered the cost of maintenance rendered to such son to October 31, 1953.

In the petition for approval of settlement it is averred that decedent was 82 years of age at the time of his death, had no earning capacity and made his home with one of his sons, and that on December 16, 1952, he was struck by an automobile receiving injuries which caused his death on December 30, 1952. His son, as administrator of his estate, effected a compromise with the insurance carrier of the car which caused the injuries, which settlement, approved by this court, netted his estate the sum of $2,000. Such sum and an additional sum of $60 possessed by decedent at the time of his death, constituted the entire assets of his estate.

In subsequent accounting filed there remained for distribution at audit, and after deduction of costs of administration, funeral of decedent, medical, hospital and ambulance services, and clerk's costs, the sum of $772.21. The Commonwealth, at audit, without submitting to the court any supporting legal basis for its so doing, made claim for the entire balance.

With claims so dumped in its lap and after counsel for the Commonwealth failed within a reasonable time to furnish the court with a requested brief, and after a too brief and too casual study of the matter, the court filed the opinion and order to which the Commonwealth has taken exception.

Following the filing of such exceptions and brief the court reviewed more thoroughly the applicable acts of assembly and the cited and other decisions of appellate and county courts and has concluded that the exceptions are well taken and that he was in error in failing to award the entire balance for distribution to the Commonwealth.

In the opinion excepted to, the court failed to appreciate that the provisions of the Act of May 22, 1945, P. L. 840, 62 PS §1973, did not relieve parent of the obligation to pay for indigent son's maintenance created by the Act of June 1, 1915, P. L. 661, 71 PS §1783 (Brubaker Estate, 346 Pa. 339), but merely prevented the enforcement of such claim when parent was not of "sufficient financial ability" to pay. Or, in other words, the Act of 1915 created a liability which, unless limited by the provisions of the Act of September 26, 1951, P. L. 1455, 62 PS §1974 (discussed later), was enforcible against available funds in the estate of any deceased father.

A careful reading of such section 1974 makes it readily apparent that its provisions as to time of acquisition of estate apply only to claims for maintenance of an individual, his spouse and his minor children, and does not rule the type of claim here presented.

The fact that no action was instituted against decedent during his lifetime does not prevent consideration of a claim against his estate by the orphans' court: Harnish's Estate, 268 Pa. 128-132.

And the fact that there is a balance remaining in decedent's estate after all proper claims, other than Commonwealth's have been paid, establishes the fact that decedent is "legally able" to pay to the extent of such balance: Geisler Estate, 76 Pa. Superior Ct. 560-62.

In our original opinion we assumed that funds accounted for here, arising from decedent's death, represented remuneration for pain and suffering, loss of wages, medical and hospital expenses, and funeral expenses of decedent. Such assumption was based on allegations of petition to approve settlement in which it was stated decedent was 82 years of age, was unemployed, and was survived by three adult children, none of whom were dependent on him. At such time,

the court approved settlement without knowledge of the fact that one son, Archie Ercolini, was an inmate of Mayview State Hospital.

In the decree authorizing settlement it is provided that net sum to be received would be in full of all claims for "actions arising under the Wrongful Death Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309, and also under the Survival Act of April 18, 1949, P. L. 512 (sec. 601), or any other statute or law in the Commonwealth of Pennsylvania".

Pa. R. C. P. 2202, authorized the personal representative to institute one action for recovery, of damages occasioned, for benefit of those entitled to recover damages. By the Act of April 26, 1855, P. L. 309, 12 PS §1602, as amended, the persons entitled to recover are designated as husband, widow, children or parents, and "If none of above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death." Such section 1602 also provides that funds received as wrongful death damages are free from claims of creditors (of decedent.)

Since only those children who would suffer a financial loss by death of the father would be entitled to share in proceeds of a wrongful death action, although all would be named in the statement of claim, under the recited facts, the son in Mayview would be the only one then who would be legally entitled to recover if funds received are considered as remuneration under a wrongful death action: Funk v. Buckley & Company, Inc., et al., 158 Pa. Superior Ct. 586-590-91.

Under survival action the amount recovered becomes a part of the estate and as such, subject to claims of decedent's creditors: Funk v. Buckley & Co., Inc., et al., supra.

Since under either type of action the other adult son and daughter of this decedent, awarded share of the fund, under the facts here, would not be legally entitled to share in proceeds, and the son in Mayview's possible share, under the Wrongful Death Act would eventually be made liable for the payment of the claim of the Commonwealth, his rights will not be impaired if balance here for distribution is awarded to the Commonwealth on account of their claim for his maintenance.

### Order

And now, March 3, 1954, the former order of this court filed February 4, 1954, and decree and schedule of distribution filed in conformity therewith are hereby vacated and it is now ordered and decreed that a new decree and schedule of distribution be filed awarding balance for distribution, after deduction for proper charges, to the Commonwealth of Pennsylvania on account of its claim.