## Commonwealth v. Cohick

*John H. Broujos*, for Commonwealth.
*John McCrea*, for defendant.

JACOBS, J., November 30, 1962.—Defendant is an adult son of Florence A. Cohick. Florence A. Cohick was an inmate of Harrisburg State Hospital for two periods, the second of which ended on December 15, 1956. When Mrs. Cohick left the State Hospital, the unpaid balance of the cost of her hospital care and maintenance was $1,316.21. Mrs. Cohick is living and is the owner of three U. S. Series "K" Bonds in the total amount of $3,000. She receives Social Security payments in the amount of $82 per month. It is admit-

ted that defendant has the ability to pay the unpaid amount of the bill for maintenance of Mrs. Cohick with interest. In addition to defendant, Mrs. Cohick has three other sons, one of whom admittedly has the ability to pay the amount due the Commonwealth of Pennsylvania.

In this case, the Commonwealth of Pennsylvania has chosen to sue one of the sons, namely, John E. Cohick, for the unpaid amount of the mother's maintenance while in the State hospital. Defendant admits the demand for payment has been made and that he has refused to pay the same. He objects to paying on the basis that his mother is financially able to pay the amount due the Commonwealth. It has been stipulated that if the court finds in favor of the Commonwealth in this action, judgment shall be entered in favor of the Commonwealth against defendant in the amount of $1,316.21 with interest from December 15, 1956, and, if the court finds in favor of defendant, judgment shall be entered in favor of defendant, and that in either event costs shall follow judgment.

The Commonwealth's action has been properly brought. The Commonwealth is not required to proceed against the patient's property before it proceeds against everyone else who might be liable for her support and maintenance. It may pick and choose who it will sue and need not include all members of a class.

Defendant's liability for the support of his mother and, therefore, to pay for her maintenance in a State hospital, arises under the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, which provides as follows:

"The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsyl-

vania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person. . . ."

That portion of the Act of 1915 was not repealed by the Mental Health Act of 1951, but must be read in conjunction therewith: Commonwealth v. Gerhart, 13 Cumberland 2.

In Commonwealth v. Zommick, 362 Pa. 299, decided in 1949, the Supreme Court referred to the above-quoted section of the Act of 1915, as follows:

"The provision of Section 3 was for the protection of the Commonwealth (Harnish's Estate, 268 Pa. 128, 131, 110 A.761) and imposed 'a new liability on others for the same debt' for which the inmate himself is liable, 'the legislative intention (being) to provide an additional source of payment in the nature of a surety-ship': Boles's Estate, 316 Pa. 179, 182, 173 A.664. The analogy to suretyship, of course, connotes that, as to the Commonwealth, the liability of the persons specified in Section 3 is primary. Its enforcement in no wise depends upon the Commonwealth's establishing ante-cedently that the recipient of the hospital service continues to be indigent. Indeed, the patient's financial position is of no materiality to the enforcement of the liability created by Section 3."

Defendant argues, however, that the provisions of the Mental Health Act of 1951 relative to costs over-rule Commonwealth v. Zommick, which was decided prior to the enactment of the Mental Health Act of 1951. The portion of the Act of 1951 relied upon by defendant is found in 50 PS §1361 and reads as follows:

"Except as otherwise specifically provided in this act, liability for all costs of care of any patient in any institution is hereby imposed in the following order, against

"(1) The patient's real and personal property;

"(2) The persons liable for the patient's support;

"(3) The Commonwealth . . ."

However, when Commonwealth v. Zommick was decided, the Mental Health Act of 1923 was in effect. That act provided that the cost of care of maintenance of a patient in a State hospital should be defrayed from the real or personal property of such patient. It then went on to provide that if the patient had no such property then his expenses should be paid by such person as was liable under existing laws for his support, and if there be no such person that the expense should be paid by the Commonwealth. The provisions of the Mental Health Act of 1923 in regard to the payment of expenses were stronger than the provisions of the Mental Health Act of 1951, in that they required exhaustion of the patient's estate before action was taken against others liable, and yet Commonwealth v. Zommick decided that even under the stronger worded Act of 1923, the patient's ability to pay or the patient's estate had no materiality and need not be determined before the liability under section 3 of the Act of 1915 was enforced.

It has been decided in several cases since the Mental Health Act of 1951 became effective that the Commonwealth is not bound by any priorities, but may bring suit against any one it chooses among those liable: Liberty Bank and Trust Company v. Commonwealth 85 D. & C. 279, and Barna Estate, 26 D. & C. 2d. 369. The following quotation from the Liberty Bank and Trust Company case is apropos:

"So far as the Commonwealth of Pennsylvania is concerned, the argument is academic. Since it is the last in order and has already provided for the care and maintenance of the patient, all persons and estates liable for her support are answerable to it and it is not bound by any priorities between parties."

As we read the Act of 1915, quoted above, there is nothing that required the Commonwealth to sue all

members of a class who may be liable. The Commonwealth is given the right to sue "child or children" and may bring the action against the one it desires to name as defendant. The only requirement is that the person sued be "legally able" to pay. We agree with the reasoning in Commonwealth v. Lahovski, 29 Northamp. 373, which holds the obligation of the children to be joint and several.

This does not mean that, as among themselves, Mrs. Cohick and her children are not subject to the rules of the priorities. They are so subject, but we have not been asked to pass upon that question and the matters of reimbursement and subrogation must be worked out among Mrs. Cohick and her children.

### Order of Court

And now, November 30, 1962, at 4 p.m., judgment is entered in favor of plaintiff against defendant in the amount of $1,316.21, with interest from December 15, 1956; costs to follow judgment.