## Commonwealth v. Heiser, Administratrix

*Herman A. Becker*, for plaintiff.

*Joseph J. Duffy*, for defendants.

TREDINNICK, J., September 10, 1971.—In this equity action, the Commonwealth seeks to obtain the proceeds of the sale of certain real estate formerly owned by defendant's decedent in payment, or partial payment, of an alleged $7,429.35 cost of maintaining decedent's daughter in a State institution over a period of years. It is alleged that decedent was legally liable for payment of that obligation, and that he conveyed the real estate to defendants, another daughter and her husband, without consideration, in order to "prevent the application of the premises to the payment of the debt." It is further averred that defendants were also aware of the Commonwealth's claim at the time of the conveyance. Defendants are alleged to have resold the property for the sum of $8,000, and it is this fund the Commonwealth seeks.

Defendants have filed preliminary objections to the complaint, asserting that because it fails to allege certain facts required by the Mental Health and Mental Retardation Act of October 20, 1966, P. L. (Spec. Sess.) 96, 50 PS §4101 et seq. it fails to state a cause of action.

The imposition of liability for the cost of institutional care upon a person owing a legal duty to support the institutionalized person is established and controlled by article V of the act, 50 PS §4501 et seq. Section 502 imposes such liability ". . . whenever any person admitted, committed or otherwise receiving any service or benefit under this act shall be unable to discharge the obligation imposed upon him . . . ": 50 PS §4502.

The *extent* of the liability imposed, under section 504 of the act, must be determined by the Secretary of Public Welfare, subject to approval of the Attorney

General. That section grants the secretary the power to "abate, modify, compromise or discharge the liability so imposed" in accordance with certain criteria set forth and states in subsection (c) that "The liability of a mentally disabled person or of anyone legally responsible for his support shall be the amount fixed or charged by the secretary and the payment of the amount so fixed or so charged shall relieve such person of all further liability for payment of the maintenance of the mentally disabled person": 50 PS §4504.

The complaint contains no averment that decedent's child was unable to discharge the obligation, and no averment that the Secretary of Public Welfare has determined the extent of decedent's liability and "fixed" an amount. We conceive that under the scheme of the legislation referred to, the inability of the person receiving the benefit to pay, and action by the Secretary of Public Welfare fixing the extent of liability are both prerequisites to the maintenance of a cause of action and must, therefore, be alleged in the complaint. The preliminary objections must, therefore, be sustained.

Since leave will be given to plaintiff to file an amended complaint, we will briefly dispose of the remaining objections to the complaint.

Defendants urge that plaintiff's failure to allege that decedent had been billed or advised of the claim is fatal. No such requirement exists under the act, nor does it appear that decisional law has imposed any such requirement. See Brubaker's Estate, 346 Pa. 339 (1943). Furthermore, the complaint does aver that decedent was "aware" of the claim.

Section 504(d) provides that the Secretary of Public Welfare, in aid of the exercise of the powers conferred by the act to determine liability and the extent

thereof, shall establish criteria by regulations, approved by the Governor. It is clearly unnecessary to set forth in the complaint any such regulations.

The complaint does not allege that decedent's conveyance of the real estate to defendants, without consideration, rendered him insolvent, and defendants assert this to be a fatal defect. But plaintiff has alleged actual, as opposed to constructive, fraud. The action is thus framed upon section 7 of the Uniform Fraudulent Conveyance Act rather than section 4 of that act, and thus does not require an allegation that the conveyance rendered the grantor insolvent: Act of May 21, 1921, P. L. 1045, sec. 4, 7, 39 PS §§354, 357.

Finally, defendants assert the claim should properly be brought in the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, since it is a claim against an estate being administered in that county. We construe Pennsylvania Rules of Civil Procedure 2103(a) and 1503(a)(1) to confer venue in this county.

## ORDER

And now, September 10, 1971, defendants' preliminary objections in the nature of a demurrer are sustained. Plaintiff is given leave to file an amended complaint, if so desired, within 20 days of the date hereof.